Boxley v. Gayle.

## BOXLEY *vs.* GAYLE.

1. The defendant, under the plea of set-off, introduced an account in his own handwriting against the plaintiff, on the back of which the plaintiff had written, that he never could admit such an account as the within, and that until the proof accompanied it he would not attempt a settlement with the defendant or any one else. He also proved the plaintiff's admissions that there were unsettled matters of account between them. *Held—*
   1. That the account and endorsement thereon were inadmissible without further proof.
   2. That a charge "that if the plaintiff only denied the defendant's accounts so far as to call for proof of the amounts, it was only such a denial as would put the defendant on the proof of them, and was sufficient to take them out of the statute of limitations," was abstract, and therefore properly refused.
2. A general admission of unsettled matters of account is not sufficient to take any particular account out of the statute of limitation, unless it is shown that the admission was made in reference to it.

ERROR to the Circuit Court of Dallas. Tried before the Hon. Nathan Cook.

BIRD, for plaintiff in error.

LAPSLEY & HUNTER, *contra.*

Boxley v. Gayle.

PARSONS, J.—The bill of exceptions shows that Boxley, who was the defendant below, relied upon a cross demand in the shape of an account, but the bill of exceptions is silent as to the nature of the account, the items and amount.

But on the trial he produced an account in his own handwriting containing divers charges against the plaintiff below, and proved by a witness that he, the witness, once, within three years before the commencement of this suit, saw the same account in the hand of the plaintiff below, who spoke of and denied several particular items, and also, in general terms, denied the whole account, and said he would not pay it. At the same time the witness saw an endorsement on the account, in the handwriting of the plaintiff below, in the words following: "I never could admit such an account as the within, and until the proof accompany it, I will not attempt a settlement with Mr. Boxley or any one else," which was signed by the plaintiff below.

The defendant below, upon this proof, offered the account and the endorsement in evidence, to show, first, that it had been presented at a certain date; secondly, that there were unsettled accounts between the parties; thirdly, as an admission of an unsettled existing liability, so far as to enable defendant below to introduce proof in relation to the same; and also for the purpose of getting said "memorandum" before the jury; but the plaintiff objected to this evidence, and his objection was sustained.

This court has often, and in a variety of cases, held that it will not reverse, in consequence of any matter or thing stated in a bill of exceptions, unless it is made to appear that there was error to the injury of the party excepting. Error, or any fact to constitute error, will not be presumed. The account was in the handwriting of the defendant below—it was no evidence for him. But if the plaintiff below had made admissions in reference to it, then it would have been admissible to explain and apply the admissions. But so far from this, he denied it verbally and in writing. The utmost that can be inferred from the endorsement is, that if the defendant below would present the proof of his account, the plaintiff would go into a settlement; but the defendant neither proved nor offered to prove that he had done so. If it conduced in some very small degree to prove that there were unsettled accounts between the parties, and an existing liability, yet, as proof of the particular account set up as a cross

Boxley v. Gayle.

demand, it was too remote and uncertain, especially as it does not appear that any particular proof of that account was offered. And if the party had other proof to connect with and make it admissible, he should have offered it, or, at least, stated to the court particularly what it was. This court held, in Watson v. Byers, 1 Ala. 393, that an admission by the defendant, upon the presentation of an account to him, that part of the account was correct, but without stating what part, and neither admitting nor denying the residue, could not be construed into an admission that the entire account was just, and was of no value for the part admitted, from its uncertainty. In the present case, nothing was admitted, but all was denied by necessary implication. Therefore, there was no injury in rejecting the memorandum, or in rejecting the evidence that the account was presented at a particular time, as it was denied.

2. There was other evidence that the plaintiff below had admitted within three years, that there were unsettled matters of account between the parties, but it does not appear that he stated what they were or the amount, nor on which side the balance was. The defendant below asked the court to charge, that if the plaintiff denied his accounts so far only as to call for proof of the amounts, it was only such a denial as would put the defendant on the proof of his claims, but was sufficient to take them out of the statute of limitations. This the court refused, because, as stated by the court, there was no evidence tending to show any such a state of facts. The court did not mean to say, it is very evident, that there was no evidence of the plaintiff's admission of the fact of unsettled accounts. But it did not appear that the plaintiff had denied the accounts offered, so far only as to call for proof, and that he would thereupon pay them, or make no further objection. Neither was there any evidence, as we infer from the bill of exceptions, that the defendant below gave any evidence of his accounts on the trial. Such a charge would have been abstract, and the court was not bound to give it.

3. The court, at the request of the plaintiff below, charged the jury, that the proof of his admission of the unsettled accounts, was no such admission of the defendant's accounts, claimed as a set-off in this suit, as would take them out of the statute of limitations, unless the proof had a tendency to show that the admission was made in reference to the defendant's *said* accounts. To

this charge the defendant excepted, but we are unable to see any error in it.   We have decided the case as if the bill of exceptions had properly stated the exception on each of the points, as it certainly does with regard to the last one; because, conceding that for the sake of argument, still no error is shown.

Let the judgment be affirmed.