## ELISHA D. WHITNEY et al.
### *v.*
### REESE & HEYLIN.

W. S. & Co. held two notes against R. & H. for different amounts and of different dates. R. & H. gave to W. S. & Co. a writing, signed by them as follows : " You are hereby authorized to compromise with Charles Hoyt, Esq., for his acceptance dated May 11, 1846, for $394 94, which you now hold as collateral to our debt. We hereby agree that the balance of such draft and interest, shall be charged against us." *Held*, That this is not a sufficient acknowledgment to take the notes out of the statute of limitations.

After the statute of limitations had run against the notes, and after R. & H. (who were partners when the notes were executed,) had dissolved partnership, H. gave to W. S. & Co., a writing as follows : " We hereby agree that the balance due from the undersigned to your house, shall not be barred by the statute of limitations, $2,365 66.

" R. & H., in liquidation,<br>" By H."

*Held*, That such writing could have no effect against R., and this being an action against R. & H. jointly, upon an alleged joint liability, it must fail.

This action was brought in the District Court for Ramsey county, to recover a balance alleged to be due upon an accounting between the plaintiffs and defendants. Issue was joined therein, the defendant, Heylin, only appearing in the action. The cause was tried by a referee, whose report of his findings of facts and of law is as follows, to-wit :

"That for some time prior to the first day of January, A. D. 1847, but not afterwards, the defendants were co-partners doing business under the firm name of Reese & Heylin, and that during the same period said defendants, as such co-partners, and under said firm name, were engaged in the mer-

cantile business in the city of Philadelphia, in the State of Pennsylvania.

"That between the year 1840 and the 11th day of November, A. D. 1845, the plaintiffs (who then were, and continued thereafter until the 21st day of April, A. D. 1854, to be co-partners under the firm name of Whitney, Scholt & Co.,) at said city of Philadelphia, sold and delivered to the said defendants at their instance and request, certain goods, wares and merchandise, and between said year 1840 and the 28th day of April, A. D. 1846, loaned and advanced to them, at their instance and request certain sums of money; that in consideration of the sale and delivery of such goods, wares and merchandise by the plaintiffs to the defendants aforesaid, the said defendants, on or about the 11th day of November, A. D. 1845, at said city of Philadelphia, executed to the plaintiffs their certain promissory note, whereby they promised to pay the said plaintiffs the sum of thirteen hundred and fifty-eight and 38-100 dollars, and that afterwards and on or about the 28th day of April, A. D. 1846, the said defendants, at said city of Philadelphia, in consideration of the loan and advance of moneys to them by the plaintiffs as aforesaid, executed to said plaintiffs their certain other promissory note, whereby they promised to pay to said plaintiffs the sum of three hundred dollars, both of which promissory notes are still held and owned by said plaintiffs; and that after the maturity of each of said notes, and prior to the 21st day of April, A. D. 1854, more than six years elapsed.

"That on the 21st day of March, A. D. 1851, at said city of Philadelphia, a paper-writing was made and delivered by said defendants to the plaintiffs, which paper-writing so delivered was in the words and figures following, viz :

"Philadelphia, March 21st, 1851.

"*Gentlemen :*—You are hereby authorized to compromise with Charles Hoyt, Esq., for his acceptance dated May 11, 1846, for $394 94, which you now hold as collateral on our

debt. We hereby agree that the balance of said draft and interest shall be charged against us.

                 " REESE & HEYLIN.

" *To Messrs. Whitney, Scholt & Co.*

" And that afterwards and on the 21st day of April, A. D. 1854, at said city of Philadelphia, the defendant, Heylin, made and delivered to said plaintiffs a certain other paper-writing in the following words and figures, viz :

              " PHILADELPHIA, April 21, 1854.
" *Messrs. Whitney, Scholt & Co.*

" *Gentlemen :*—We hereby agree that the balance due from the undersigned to your house, shall not be barred by the statute of limitations. $2,365 66.

            "REESE & HEYLIN, in liquidation,
                " By I. B. HEYLIN."

"That by the laws and statutes of the said State of Pennsylvania in force on the 11th day of November, A. D. 1845, and still in force in said State, it is provided that all actions upon the case, debt or promissory note, shall be commenced and sued within six years next after the cause of action shall have accrued, and not after ; that all the parties, plaintiffs and defendants in this action, were during all the time aforesaid, and still are, residents of the said city of Philadelphia, and that the complaint in this action was filed and the summons issued on the 5th day of September, A. D. 1862—on which last mentioned day a writ of attachment was issued herein against the property of the defendants, and levied upon certain real estate, the property of the defendant Heylin, who thereafter appeared and answered separately herein, and that the defendant, Reese, has not appeared in the action, nor been served with process therein in any manner.

"And as to each and every material allegation of facts in the pleadings contained, except as hereinabove found and reported, I do find and report that the same is untrue.

"As conclusions of law from the foregoing facts, I do find and report :

"*First.* That the paper-writing of March 21st, 1851, above referred to, was insufficient to take the plaintiffs' claim out of the operation of the statute of limitations, and that such claim at the time of the making of the paper-writing of April 21st, 1854, above mentioned, had become barred by such statute.

"*Second.* That the said paper-writing of April 21st, 1854, was, in any event, binding only upon the defendant, Heylin ; and that whatever its legal force and effect at its inception may have been, whether that of evidence of a new or continuing contract, or that of an agreement that a then existing indebtedness should not be barred by the statute of limitations, or both, its binding force could continue only for the period of six years from its date. It was of no greater force or effect, in any respect, than a valid promise, of the same date, by the defendant, Heylin, to pay a debt of the firm, against which the statute had already run.

"*Third.* More than six years having elapsed after the date of said paper-writing of April 21st, 1854, and before the commencement of this action, such paper-writing cannot aid the plaintiffs in support of their claim against the defendants, or either of them.

"*Fourth.* That the plaintiffs are not entitled to recover against the defendants, or either of them ; but that the defendant, Heylin, is entitled to judgment against the plaintiffs, and I do hereby order judgment for said defendant, Heylin, accordingly."

Judgment was thereupon entered in favor of the defendant, Heylin, and against plaintiffs, and plaintiffs sued out writ of error, and removed the cause to this court.

Lorenzo Allis, for plaintiffs in error.

1.　When the paper-writing of March 21st, 1851, was executed, none of the notes were barred by the statute of limitations, inasmuch as six years had not elapsed even since the date of such notes.

This paper-writing of March 21st, 1851, is a clear recognition and acknowledgment of the debt, and therefore interrupted the running of the statute of limitations. *Angell on Limitations*, Secs. 208, 231.

2.　In less than six years after this acknowledgment was made, to-wit, on the 21st of April, 1854, the second paper-writing of that date was executed, which not only states the balance due, but declares that said balance shall not be barred by the statute of limitations.

Now the referee is not understood as ruling that it is not competent for a debtor to waive the statute of limitations at all, but he rules that such a waiver is without effect after six years, that is, that the statute of limitations also runs against such waiver as well as against the debt itself.

It is respectfully submitted that this ruling misconceives entirely the ground upon which such waiver is upheld.

Why is it that when a debtor agrees not to plead the statute of limitations, or that his debt shall not be barred by the operation of such statute, he is not permitted to plead such statute? Is it because that such waiver is a recognition or acknowledgment of the debt whereby the running of the statute is interrupted? Not at all. It is on the ground of *estoppel*. If the debtor has agreed that his debt shall not be barred by the statute of limitations, he shall not be heard to plead it. He is *estopped* from so doing. Having solemnly said to his creditor that the debt shall not be barred by the statute of limitations, he shall not afterwards be heard in any court to assert the contrary.

Supposing the original evidence of the debt contains also the waiver of the statute, according to the referee's reasoning the waiver would be absolutely without effect, for the waiver

would be barred by the statute at the same time that the debt itself was barred.

Moreover, when does the statute commence running against a waiver of the statute? Ordinarily the statute begins to run when a cause of action accrues, or the debt matures. But when does the waiver of the statute mature? When does a cause of action accrue thereon? Clearly no action can be brought upon such a waiver; and hence the statute of limitations never can run against it, and has no application to it.

And why should it? The debtor waives the statute of limitations. At common law there was no limitation of actions. The statute gives such limitation, which the debtor *may* plead, but which the court will not apply unless he does specially plead it.

The principle of the waiver is that having agreed with his creditor not to plead this statute, he shall not thereafter be heard to interpose such plea.

If the debtor waives this statute at all, he of course must waive it altogether, unless he, by the terms of his waiver, restricts the same.

The debtor having once waived the statute altogether, on what principle shall the court say that the waiver was only for the period of six years? The debtor having said to his creditors that the debt shall not be barred by the statute of limitations, on what principle does the court say that nevertheless the debt shall be barred by the statute, if pleaded after six years from the date of the waiver? On what principle does the court say that the debtor is estopped from pleading the statute during six years, but is not estopped from so doing thereafter?

Clearly, when the debtor waives the statute of limitations, he is estopped from ever afterwards pleading it. The principle and reason of the estoppel are just as applicable and operative after as before the expiration of six years. The debtor having promised his creditor that the debt should not be barred by

the statute, it is as much against conscience for him to plead such bar after as before the lapse of six years. Indeed, it is conceived that the statute of limitations clearly has no application whatever to a promise or agreement to waive such statute. 2 Smith's Leading Cases, p. 642; *Brandon v. Toby*, 11 How. 519, (18 Curtis 696 ;) *Webber v. Williams College*, 23 Pick. 302; *Gaylord v. Van Loan*, 15 Wend. 308; *Utica Ins. Co. v. Bloodgood*, 4 Wend. 652.

3. It is immaterial whether the first paper-writing (of March 21st, 1851,) interrupted the statute of limitations or not. The second writing (of 21st of April, 1854,) distinctly *acknowledges* the debt, and such acknowledgment of course *implies* a promise to pay. The original debt, whether the acknowledgment was before or after six years, is a sufficient consideration for such acknowledgment and the promise thereby implied.

The second paper contains both an acknowledgment of the debt, and also an agreement that the same shall not be barred by the statute of limitations. The judgment should be reversed.

H. L. Moss, for defendant in error.

I. The action cannot be maintained against the defendants jointly, as the notes were barred by the statute, both in the State of Pennsylvania and in this State.

II. One partner, after dissolution of the partnership, cannot bind his co-partner by a new promise, so as to take the case out of the statute—so if plaintiffs rely upon the alleged accounting, the action should have been commenced against the defendant, Heylin, alone, or upon the trial plaintiffs should have discontinued as to the other defendant, or made application to amend their proceedings.

It is too late now to ask for such relief, and this judgment will not be disturbed for that reason alone, even if the other

Whitney et al. v. Reese et al.

points are not good. *Van Keuren v. Parmelee*, 2 Coms. N. Y. Rep. 523; *Bell v. Morrison*, 1 Peters' U. S. Rep. 351.

III. The evidence does not sustain the allegation of accounting, and a new promise. The referee has set forth the evidence, and states the facts in connection therewith.

IV. An agreement not to plead the statute of limitations only reaches the original demand, and only operates as an acknowledgment of the indebtedness, which will be barred unless the action is commenced within six years thereafter.

V. The waiver of the right to plead the statute can operate as an estoppel only to the extent of a new promise.

VI. Such an agreement can have no more binding effect than a promise to pay, and if upon inspection it appears that the note, agreement or promise, or whatever the instrument may be, not under seal, was not made within six years after maturity before the action is commenced, the court will exclude it. *Cooper v. Parker*, 25 Vt. 502 ; *Barton v. Stevens*, 24 Vt. 131; *Stevens v. Stearns*, 32 Vt. 678, and authorities cited by plaintiff in error.

The authorities cited by counsel for plaintiff in error, are not applicable to this case, as it appears that suit was brought in each case, within six years after the agreement was made not to plead the statute.

*By the Court*—McMillan, J.—This action is brought upon the joint promise of the defendants as partners. The plaintiffs therefore must prove the joint contract, and recover against both defendants, or they cannot recover at all. *Fitz v. Clark et al.*, 7 Minn. 217. By the finding of the referee, it appears that for some time prior to January 1, 1847, but *not afterwards*, the defendants were partners under the firm name of Reese & Heylin; that about the 11th day of November, 1845, the defendants at Philadelphia, executed to the plaintiffs their certain promissory note for $1,358 38, in consideration of goods and merchandize sold to them by the plaintiffs. That

about the 28th day of April, 1846, the defendants at said city of Philadelphia, in consideration of the loan and advance of moneys to them by the plaintiffs, executed to the plaintiffs their certain other promissory notes for the sum of $300, both of which notes are held and owned by the plaintiffs, and that after the maturity of each of said notes, and prior to the 21st day of April, 1854, more than six years elapsed. That by the laws of Pennsylvania in force in said State on the 11th day of November, 1845, and still in force in said State, it is provided that all actions upon the case, debt, or promissory note, shall be commenced and sued within six years next after the cause of action shall have accrued, and not after ; that all the parties, plaintiffs and defendants in this action, were during all the time aforesaid, and still are residents of the said city of Philadelphia, and that the complaint in this action was filed, and the summons issued, on the 5th day of September, 1862.

That on the 21st day of March, 1851, the defendants made and delivered to the plaintiffs a paper-writing in the words and figures following, viz :

" PHILADELPHIA, March 21st, 1851.

" *Gentlemen :*—You are hereby authorized to compromise with Charles Hoyt, Esq., for his acceptance dated May 11, 1846, for $394 94, which you now hold as collateral on our debt. We hereby agree that the balance of said draft and interest shall be charged against us.

"REESE & HEYLIN.

" *To Messrs. Whitney, Scholt, & Co. :* "

And that afterwards and on the 21st day of April, 1854, at said city of Philadelphia, the *defendant, Heylin*, made and delivered to said plaintiffs, a certain other paper-writing in the following words and figures, viz :

"PHILADELPHIA, April 21, 1854.
"*Messrs. Whitney, Scholt, & Co.* :

"*Gentlemen* :—We hereby agree that the balance due from the undersigned to your house shall not be barred by the statute of limitations.  $2,365 66.
                    "REESE & HEYLIN, in liquidation,
                              "By J. B. HEYLIN."

The plaintiffs' action is barred by the statute of limitations, unless, as the plaintiffs claim, the writing of March 21, 1851, or April 21, 1854, take the case out of the statute, and prevent its operation against the claim.   We are then to consider the effect of these instruments in the order of their date.   We come therefore to the writing of March 21, 1851.   Is this such an acknowledgment of, or promise to pay the plaintiffs' debt, as to take the case out of the statute?   We think it is not. Our statute upon this subject is as follows :   "No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby."   Comp. Stat. Ch. 60, Sec. 23.

Without going into a review of the authorities upon this point, our examination of the subject leads us to the conclusion that the weight of modern decisions establishes this as the rule on this subject ; that there must be either one express promise, or an acknowledgment expressed in such words, and attended by such circumstances, as give to it the meaning, and therefore, the force and effect of a compromise.   2 Parsons on Cont. p. 347, and authorities cited; *Bell v. Morrison*, 1 Peters, 362 ; *Allen v. Webster*, 15 Wend. 286 ; *Stafford v. Richards*, Ib. 306.   And in the case of an acknowledgment or implied promise, there should be a direct recognition of the indebtedness sued on, from which a willingness to pay the same may be reasonably implied.   2 Parsons on Cont. p. 349 ; *Stafford v. Bryan*, 3 Wend. 532 ; *Clark v. Dutcher*, 9 Cow. 674 ;

*Suter v. Shuler*, 10 Harris, 308; *Yan v. Kerr*, 47 Penn. 334; *Woodbridge v. Allen*, 12 Met. 470; *Bell v. Morrison*, 1 Pet. 362; *Sands v. Gelstin*, 15 Johns. 511; *Bailey v. Crane*, 12 Pick. 323; Angell on Lim. Ch. 21, Secs. 4 and 5.

In *Bell v. Morrison*, cited *ante*, Justice Story says : " If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences which may affect different minds in different ways, we think they ought not to go to the jury as evidence of a new promise to revive the cause of action." The acknowledgment must be on the one hand broad enough to include the specific debt in question, and on the other sufficiently precise and definite in its terms to show that this debt was the subject matter of the acknowledgment. 2 Pars. on Cont. p. 349.

It ought clearly to appear in all cases that it relates to the identical debt which is sought to be recovered on the strength of it. Angell on Lim. p. 255; *Sands v. Gelstin*, 15 Johns. 511; *Clark v. Dutcher*, 9 Cow. 674. And where there are more debts than one due from the defendant to the plaintiff, it must appear to which it applies, or it cannot be applied to either. *Bailey v. Crane*, 21 Pick. 323, and authorities cited *ante.* In the case under consideration, the only language in the instrument of March 21st, 1851, referring to any indebtedness of defendants to the plaintiffs, is in identifying the acceptance of Hoyt, which they are authorized by the writing to compromise. " *Gentlemen :*—You are hereby authorized to compromise with Charles Hoyt, Esq., for his acceptance dated May 11, 1846, 'for $394 94, which you now hold as

collateral on our debt." To what does "*our debt*" refer? It appears from the finding of the referee, that at this time the plaintiffs held two notes of the defendants of different dates and amounts, given for distinct and separate accounts, one dated November 11, 1845, for goods, wares and merchandize, sold by plaintiffs to defendants between the years 1840 and November 11, 1845, for $1,358 38; the other dated April 28, 1846, for $300, for money loaned and advanced. These several notes formed separate and distinct debts, although held by the same persons; there may be a defense to both or only one of them, and the defense to each may be the same or different. The Hoyt acceptance may have been collateral to both, or only one of them, and to either of them. How are we to determine which? The language is too vague and indefinite to lead to any certain conclusion. We are unable to point the acknowledgment to both or either with reasonable certainty. There is, therefore, in this instrument, no such acknowledgment of the debt as will take the case out of the statute.

It remains to consider the instrument of April 21, 1854. This was executed by Heylin alone, in the firm name, long after the dissolution of the partnership, and after the claim had been barred by the statute of limitations. Under such circumstances, we think, whatever may be the effect of the instrument as against Heylin, it could have no effect as to Reese, the other partner. 2 Pars. on Cont. p. 360 (note); *Bell v. Morrison*, 1 Pet. 351; *Van Keuren v. Parmelee*, 2 Comst. 523.

What would have been the effect if the statute had not run against the claim, we need not consider, and express no opinion at this time. The claim being barred as to Reese, the plaintiffs must fail to sustain a joint promise, and cannot recover. Judgment affirmed.