WASHINGTON SMITH,

*v.*

I. C. MOULTON *et al., Administrators, &c.*

Action on three several promissory notes on which a remedy is barred by statute of limitation. *Held:* That the statute only denies a remedy after the prescribed time without extinguishing the debt; that the existence of the debt after a remedy for its recovery is barred, is a good consideration for a new promise to pay: that such promise may be implied from an unqualified acknowledgment of a present existing indebtedness, but that such acknowledgment must be consistent with an intention and promise to pay; that where the plaintiff holds more than one claim against the defendant, a mere general acknowledgment of indebtedness, not referring to either claim in particular, cannot be considered evidence of a promise to pay either, and therefore takes neither out of the operation of the statute.

This is an appeal taken by the plaintiff from the order of the District Court for Dodge County, affirming the decision and report of the commissioners appointed to audit claims against the estate of Rice H. Moulton, deceased, disallowing certain claims presented by him against said estate. The case is fully stated in the opinion of the Court.

S. L. PIERCE, for Appellant.

S. LORD, for Respondent.

*By the Court.*—WILSON, CH. J. The respondent's intestate, and the appellant, in the year 1853, entered into a co-partnership for the purpose of carrying on the mercantile business at Monroe, in the State of Wisconsin, under the firm name of R. H. Moulton & Co.

Said partnership was dissolved in August, 1855,—the appellant purchasing the interest of his co-partner in the property of the firm.  At the time of said purchase, the parties after specifying the goods and effects purchased and the liabilities assumed by Smith, entered into an agreement in writing in and by which they assumed a joint liability for certain contingent claims against the old firm.  Afterward the said R. H. Moulton, now deceased, made and delivered to the appellant his two promissory notes dated December 31st, 1855, one for $200, payable one year from its date, and one for $300 payable in two years from its date.

These notes were, after the decease of said Moulton, presented to the commissioners appointed by the Probate Court of Dodge County to audit claims and demands against his estate, and the claim was by said commissioners disallowed. From the decision and report of the commissioners disallowing the claim, Smith appealed to the District Court of Dodge County, and said Court affirmed the report, and from the order of affirmance Smith appeals to this Court.  It is admitted · that the notes matured more than six years before suit brought or presentation of the claim to the commissioners, but it is claimed that the defendant within that period acknowledged the debt, and thereby took the case out of the operation of the statute.

For the purpose of showing such acknowledgment, the appellant offered in evidence a letter written to him by said Moulton, dated February 6th, 1861, acknowledging a then existing indebtedness of the latter, to the former.

The sole question presented to us for adjudication is, whether the evidence shows that this case is taken out of the operation of the statute of limitations by Moulton's acknowledgment of indebtedness.  Our statute (*Chap.* 66, *Sec.* 6,) provides that an action on a promissory note can only be

commenced within six years after the cause of action accrues thereon. And section 24 of the same chapter provides that "no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby."

It is now well settled under statutes substantially the same as ours, that the statute of limitations only denies a remedy after the prescribed time, without extinguishing the debt; that the existence of the debt after a remedy for its recovery is barred by the statute, is a good consideration for a new promise or agreement to pay, and that such promise may be implied from an unqualified acknowledgment of a present existing indebtedness. The acknowledgment does not revive the old debt, but is evidence of a new promise of which the former debt is a consideration; and therefore if there is anything said at the time to repel the inference of a promise, the acknowledgment will not take the case out of the statute; it must be consistent with an intention and promise to pay. *Bell vs. Morrison*, 1 *Pet.* 351. See the authorities on this subject collated in 1 *Smith's Lead. Cases*, (6th *Ed.*) notes to *Whitcomb vs. Whitney, page* 857 *et seq.;* 3 *Story on Con.*, (5th *Ed.*) *Chap.* 6, *page* 61–101; *Angell on Lim.*, (4th *Ed.*) *Chap.* 20–21.

It is not necessary for us to determine whether, on principle, if this was a new question, a debt on which a remedy is lost by lapse of time should be held a sufficient consideration to support a new agreement or promise, or whether the mere acknowledgment of such debt should be considered evidence of a promise to pay, as the authorities nearly unanimously answer both questions in the affirmative, and our statute sanctions this view. In the letter of February 6th, 1861, Moulton unqualifiedly acknowledged a then existing

indebtedness to Smith, but there is nothing in the letter to show that the acknowledgment had reference to the debts evidenced by both the notes on which the action is brought, or to that evidenced by *either* in particular.

It cannot be considered settled by authority, whether a general acknowledgment of being indebted to the plaintiff is sufficient *prima facie*, to take the demand in suit out of the statute, when there is no proof that the plaintiff had any other demand against the defendant. *See* 1 *Smith's Lead. Cases*, (6*th Ed.*) 870–892, *and cases there cited.*

But in this case, even if we leave out of account all other claims of the appellant against Moulton, it appears that when the acknowledgment of indebtedness was made by Moulton, Smith held three notes against him, and as the acknowledgment of indebtedness was general, and it cannot be known to which one it referred, or whether it referred to more than one of the notes, it cannot be held as evidence of a promise to pay either, and therefore does not take either out of the operation of the statute of limitations. *Bailey vs. Crane*, 21 *Pick.* 324; *Buckingham vs. Smith*, 23 *Conn.* 455; 1 *Smith's Lead. Cases, above cited.*

The judgment of the Court below is affirmed.