JOSEPH COTULLA v. ALBERT URBAHN. ·

No. 2150.   Decided April 13, 1910, March 29, 1911.

**1.—Pleading—Amendment—Supplemental Petition.**

A · new promise ·avoiding the defense of the Statute of Limitation raised by demurrer to an action on a promissory note was not properly pleaded by supplemental petition; it should have been by amended original petition; but the irregularity did not prevent the supplemental petition from interrupting the running of the statute against the new promise, a later amended original petition declaring on same having been substituted for the supplemental one after the action on the new promise would have been barred but for the former irregular pleading asserting it. That instrument was in substance and effect an amended petition, though erroneously indorsed.   (Pp. 213, 214.)

**2.—Limitation—New Promise—Unidentified Debt.**

The new promise must be to pay the debt in question, not a mere general acknowledgement of a debt not identified. If but one debt by the promissor to the promissee existed, the new promise may be taken to apply to that, if it be found as a fact that such was the debt intended. But a promise to pay an unidentified debt where more than one existed can not be converted by parol evidence into a promise to pay a particular` debt, the statute requiring the new promise to be in writing. Still less could a promise to pay generally to a bank the indebtedness the promissor owed to it be taken as a promise to pay both his note to the bank and that to another party, not mentioned, which the bank held at the time for collection. Such writing was insufficient in law to constitute· the new promise to pay required by the statute in order to avoid the bar by limitation of the original debt, not identified by the instrument and owing to a person not mentioned in it.   (Pp. 214-219.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Webb County.

Urbahn sued Cotulla and had judgment. Defendant appealed, and on affirmance obtained writ of error. The application was first refused in a written opinion. Subsequently, on a motion for rehearing,

the writ of error was granted and judgment reversed and rendered in favor of plaintiff in error.    Both opinions are here published.

*A. Winslow,* for plaintiff in error.—A supplemental petition, which pleads a subsequent promise to remove the bar of the statute of limitation to a cause of action that was barred at the time of the commencement of the suit, must, in order to arrest the running of the statute, at least contain the essential elements of an amended original petition, and plead the execution and delivery of the note sued on as a consideration for the alleged new promise. Rev. Stats., art. 3356; Shepherd v. Thompson, 122 U. S., 231-241; Coles v. Kelsey, 2 Texas, 542, 579; Bell v. Morrison, 26 U. S., 351; Erskine v. Wilson, 20 Texas, 77-81; Gathright v. Wheat, 70 Texas, 740-742; Howard and Hume v. Windom, 86 Texas, 560-568; Meusebach v. Half & Bro., 77 Texas, 185-188.

There being no amount mentioned in any of the four letters set out and ·copied in appellee's supplemental petition, filed on the 16th day of November, A. D. 1908, or any allegation in such petition of the execution and delivery of the note sued on; such pleading was insufficient in law to arrest the running of the statute of limitation against the letters therein referred to. Shepherd v. Thompson, 122 U. S., 231-241; Rev. Stats., art. 3356; Coles v. Kelsey, 2 Texas, 542-579; Erskine v. Wilson, 20 Texas, 77-81; Gathright v. Wheat, 70 Texas, 740-742; Howard and Hume v. Windom, 86 Texas, 560-568; Meusebach v. Half & Bro., 77 Texas, 185-188; Rucker v. Dailey, 66 Texas, 286-288; Dwight v. Matthews, 60 S. W., 805; Lewis v. Alexander, 51 Texas, 584; Sinclair v. Dailen, 73 Texas, 75; Rule 13, District Court.

Appellee's cause of action on the note sued on being barred by limitation at the time of the institution of the suit, and his cause of action, if any he ever had, on the four letters mentioned in his amended petition, having accrued more than four years prior to the filing of said amended petition, the court erred in overruling appellant's objection to the introduction of said note and letters in evidence. Rev. Stats., art. 3356; Cole v. Kelsey, 2 Texas, 542, 579; Erskine v. Wilson, 20 Texas, 77-81; Gathright v. Wheat, 70 Texas, 740-742; Howard and Hume v. Wildom, 86 Texas, 560-568; Meusebach v. Half & Bro., 77 Texas, 185-188; Rucker v. Dailey, 66 Texas, 286-288; Dwight v. Matthews, 60 S. W., 805; Lewis v. Alexander, 51 Texas, 584; Sinclair v. Dailen, 73 Texas, 75; Rule 13, District Court; Bell v. Morrison, 26 U. S., 351; Shepherd v. Thompson, 122 U. S., 231-241.

*Atlee & Atlee* and *Wm. Aubrey,* for defendant in error.—The supplemental petition was of· no importance after appellee filed his amended petition, but the same ·averred a new promise to pay the note sued on; it ·was sufficient to stop the running of the statute, and the trial court did not err in so holding. Howard & Hume v. Windom, 86 Texas, 560.

Whilst no objection was made in the trial court to the admission of parol evidence to identify the subject matter of the promises to

pay, embraced in the letters from defendant to the Milmo National Bank, and whilst we believe that the failure to do so deprives the defendant of the right to raise the point in the Court of Appeals, or in this court (Campbell v. International Harvester Co., 96 S. W. Rep., 93); the evidence in question was clearly admissible to cure the latent ambiguity of the letters. This ambiguity arises not upon the words of the instruments, as looked at in themselves, but upon those words as applied to the subject which they describe or refer to: Linney v. Wood, 66 Texas, 22; Mitchell v. Clay, 8 Texas, 447; Howard v. Windom, 86 Texas, 566; Coles v. Kelsey, 2 Texas, 558; Dickinson v. Lott, 29 Texas, 172; Trainer v. Seymour, 32 S. W., 154; Watson v. Baker, 71 Texas, 748; Lerma v. Stevenson, 6 Texas Civ. App., 423; 21 A. & E. Ency. of Law, 1119; id., 295.

So, it has been expressly held that parol evidence is admissible to identify the debt referred to in the instrument: Russell v. Davis, 51 Minn., 482. When the debt consists of a note and open account and there is a promise upon the part of the debtor to pay the creditor "what he owed him," the question of the application of such promise is for the jury: Cook v. Martin, 29 Conn., 63; 25 Cyc., 1334, N. 23; see also Whitney v. Bigelow, 4 Pick., 412; Boyd v. Hurlbut, 41 Mo., 224; Shaw v. Newell, 2 R. I., 264; Frost v. Benough, 1 Bing., 266; Woods Limitations, 159-162.

The new promise to pay to the authorized agent of plaintiff, in the absence of extrinsic evidence, is applied by legal presumption to the debt in this suit: Coles v. Kelsey, 2 Texas, 558; Mitchell v. Clay, 8 Texas, 447; Howard v. Windom, 86 Texas, 556; Brown v. French, 3 Texas Civ. App., 451.

### ON APPLICATION FOR WRIT OF ERROR.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The note sued on had been due more than four years before the suit was brought and therefore appeared from the original petition to be barred. When the defendant (plaintiff in error) invoked the statute of limitation by exception and plea, the plaintiff (defendant in error) by supplemental petition set up a new promise. The true cause of action was upon the new promise and not upon the original note, according to a long line of decisions, and from this it follows that the purpose of further pleading on the part of plaintiff was to cure a defect in his petition so as to make it show a good cause of action, which required an amendment of that petition and not a supplemental petition. We therefore do not agree with the Court of Civil Appeals in the opinion that the course first taken by plaintiff was correct. The trial judge, however, took the same view that we do, sustaining exceptions to the supplemental petition, and plaintiff thereupon set up the new promise in an amended petition. We agree with both courts in holding that the fault in pleading was a mere irregularity which did not prevent the declaring upon the new promise from having the effect of stopping limitation from the time of the filing of the supplemental petition.

*Refused.*

Opinion delivered April 13, 1910.

MR. JUSTICE RAMSEY delivered the opinion of the court.

The original petition, in this case was filed in the District Court of Webb County on October 21, 1907. It declared on a note executed by Cotulla payable to Albert Urbahn for the sum of $4152.50, dated December 29, 1898, and due on or before February 10, 1899, said note containing provisions as to interest and attorney's fees not necessary to be here set out. By answer filed March 14, 1908, plaintiff in error demurred to said petition on the ground that said note was barred by the statute of limitation of four years. On November 11, thereafter, defendant in error filed his first supplemental petition in which he averred that the debt sued on was not barred by limitation for the reason that the maker thereof had, within four years from the filing of his original petition, to wit, on the 15th day of February, 1905, "by written instrument duly signed by himself, acknowledged such debt to be just, and expressly promised to plaintiff in such written instrument to pay same." Plaintiff in error excepted to this supplemental petition because, among other things, it did not allege the substance of such written promise nor set out same by its terms. Thereafter on November 16 the defendant in error filed what is termed his first amended supplemental petition in which he set up for the first time the following letters addressed to the Milmo National Bank of Laredo, Texas, which it was averred had and held the note sued on for collection:

"Milmo National Bank,                    Cotulla, Texas,
      Laredo, Texas.                        Dec. 9, 1904.

"Dear Sir: Kindly let me know if you can wait until Jan. the fifteenth. I am corresponding with a party about sale of my land and will know by Jan. the first if they take it if they do I will have $35000.00 dollars and will settle at once if not will sell my cattle and settle about February the first I am sorry I kept you waiting so long but parties that I saw promised me money and then went back on their word and of course I couldn't keep my word with you. But I will pay you as soon as I can. Let me know by Sunday mail if you can wait as I am going away Monday to be gone a week.

"I remain yours truly,                      Joseph Cotulla."

"Milmo National Bank,                    Cotulla, Texas,
      Laredo, Texas.                        Jan. 27, 1905.
"Gentlemen: I am called to San Antonio on account of my brother-in-law illness he was injured from being thrown from a buggy and is in a critical condition as soon as I can I will have everything fixed up and send to you hoping this will be alright I remain yours truly,                            Joseph Cotulla."

"Milmo National Bank,                    Cotulla, Texas,
      Laredo, Texas.                        Feb. 11, 1905.
"Gentlemen: I have returned from San Antonio have made arrangements and will send the money Monday or Tuesday.
                                    Joseph Cotulla."

"Milmo National Bank,                        Cotulla, Texas,
     Laredo, Texas.                                 May 9, 1905.

"Gentlemen: Was delayed with cattle they left Sunday and as soon as I get returns from them will send money. Yours truly,
                                      Joseph Cotulla."

Finally on May 12, 1909, defendant in error filed his first amended original petition which purports to amend and refers to his original petition, in which in proper form he sets up the original notes and the several letters hereinbefore copied. This petition was excepted to for the reasons (a) that the demand claimed to be evidenced by the letters pleaded was itself barred by the statute of limitation of four years, and (b) because there was nothing in the letters which showed that plaintiff in error ever promised to pay the note sued on in this case or any part thereof and that said letters neither refer to the note here sued on nor state any fact or circumstance that could be construed as a promise to pay same. He further pleaded, among other things, that the letters aforesaid referred to a certain note in the sum of $4000 which he owed at that time to the Milmo National Bank of Laredo and to no other or different indebtedness. This demurrer being overruled the case went to trial before the court with the assistance of a jury. On such trial defendant in error introduced the note sued on, the amount and date of which we have given, which note was credited with the sum of $525 as of date April 26, 1900. He also offered the four letters above set out.

The plaintiff in error testified, in his own behalf, in substance to the effect that all these letters related and referred to the $4000 due the bank, which was then due, on which he had theretofore been sued and that they had no reference to the note here involved and that he had "never heard anything of the note sued on in this case from the time I executed and delivered it to Mr. Albert Urbahn until I was served with a citation in this suit, and did not have this note in my mind at the time I wrote any of the letters to the Milmo National Bank, and did not intend by writing any of these letters to promise to pay the note sued on in this case." He also produced a receipt by L. R. Ortiz, sheriff of Webb County, dated July 7, 1905, for $1588.18 in full payment of an execution issued, on a judgment in favor of said bank against him, on May 9, 1905, as well as a letter from the sheriff stating that he had canceled a chattel mortgage given by him for the security of the bank's debt. In further confirmation of his contention he offered in evidence certified copy of the bank's petition filed September 1, 1904, in which the note to the bank for $4000 was set out *in haec verba*. He also produced and tendered as evidence the following letter from the bank:

"The Milmo National Bank.

                       Laredo, Texas, April 20, 1905.

"Mr. Joseph Cotulla,
     Cotulla, Texas.

"Dear Sir: Your note for $4000.00 is due and payable at this

bank today and prompt attention to payment or renewal of same is requested.                          Respectfully yours,

                                        M. T. Cogley, Cashier."

In rebuttal, Mr. M. T. Cogley, cashier of the bank, gave evidence to the effect, in substance, that the note here in suit was placed in the hands of the bank, about the time of its execution, for collection and so remained until about the time suit was brought. That about the time of its maturity plaintiff in error was notified and that he was sure he received the notice. He identified the letters above referred to and repeated that on these several dates the bank held the note for collection. That Cotulla authorized and had knowledge of the credit of $525 on the note, and that he had several times since said credit spoken to plaintiff in error concerning the note. He also said "these letters were general and referred to all claims which the Milmo National Bank held for collection against Mr. Cotulla." He admitted that the $4000 note due the bank had been sued on but was unpaid at the time the letters were written.

In response to special issues the jury found (1) that the Milmo National Bank held the note sued on herein for collection at the date of the several letters admitted in evidence; (2) that the plaintiff in error had been notified and knew prior to writing said letters that said note was held by the bank for collection, and (3) that the letters in question referred to the indebtedness due A. Urbahn as well as the indebtedness due the bank. On these findings the court rendered judgment in favor of Urbahn against plaintiff in error in the sum of $8675.99 besides costs of suit. This judgment was, by the Court of Civil Appeals for the Fourth Supreme Judicial District, affirmed on February 5, 1910, and is now before this court on writ of error for review and revision.

We have made this full statement of the case to render clear the only two questions which we deem it necessary to discuss.

1. The first question, among those apparently most relied on is, that since more than four years had intervened between the date of the last letter relied on to relieve the debt from the bar of the statute, and the date of the filing of the defendant in error's first amended original petition, that in any event the cause of action is barred and that this bar will not be relieved against by the supplemental petitions filed before the expiration of four years from the date of such new promise. We think it can not be doubted that the decision of this court in Howard & Hume v. Windom, 86 Texas, 566, is squarely opposed to this contention. In that case, as in this, the allegations of a new promise were first presented in a supplemental petition. An exception to this being sustained because not proper matter to be thus pleaded the plaintiff in that suit filed an amended original petition alleging the same facts. It thus appeared that the action at least as to one of the letters there pleaded was barred "unless the running of the statute was suspended by the filing of the supplemental petition." Discussing this question the court say:

"It is earnestly insisted on behalf of defendant in error, that because the promise contained in that letter was not pleaded in its

proper place, and because that pleading was. stricken out upon exception, it should be treated as of no effect for any purpose, and that the promise should be deemed as having been set up for the first time in the amended original petition. But in this conclusion we do not concur.

"The supplemental petition, as it is named, contains all the substantial averments of a petition upon a new promise,. with an appropriate prayer for relief; but does not contain all of the formal allegations required by the statute and rules of this court, either for an original or an amended original petition. If filed as an amended original petition, it should have been held bad upon special exception.

"But in such a case a subsequent amended petition, which complied with the statute and rules, could not have been deemed a new suit. Although the first amendment had been held bad upon general demurrer, its filing would still have been properly treated as the commencement of the action. Kaufman v. Wooters, 9 Texas, 205, and cases there cited.

"The sole difference between the case supposed and that now before us is, that here the pleading is endorsed as a supplemental petition, and not as an amended original petition, as the rules required. It was in substance an amended original petition, setting up a new cause of action. The trial court properly treated it as such, as well by holding it bad for want of form, as by considering it in substance as the institution of the suit upon the new promise therein alleged."

We think that the fault in pleading was a mere irregularity which did not prevent the declaring upon the new promise from having the effect of stopping limitation from the time of the filing of the supplemental petition.

2. We have, however, come to the settled conclusion that, under the law, as applied to the facts of this case, defendant in error was not entitled to recover, but that the judgment of the court below should have been for Cotulla.

Article 3370 of our Revised Civil Statutes is as follows: "When an action may appear to be barred by a law of limitation, no acknowledgement of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby." It has been held from a very early day in this State, and such is practically the universal rule, that the action in such case is on the new promise and that the original indebtedness serves only to furnish a consideration for such promise or an indebtedness to which it may relate and attach. It seems also to be settled that such new obligation must either evidence an express promise to pay the debt or an unequivocal acknowledgment of its justness from which it is said the law will imply a promise to pay it. As to whether a given instrument or any number of instruments contain such promise as will relieve the bar of the statute is, it seems, a matter of law to be determined by the court and this judgment must be based solely on the written instrument or instruments relied on. It has, however, subject to certain well defined limitations, been not infrequently held that it

may be a matter for the jury as to whether such written promise is to be applied to a debt not in terms named and that to enable the jury to so decide parol evidence is, under some circumstances and subject to well defined rules, admissible. But that it ought in any case be permitted to apply a written promise made to one person to include and save from the bar a debt to another person where the writer is also indebted to the addressee of such letter unless there is something in the letter to identify or tending to identify such debt we can not believe. The promise in this case was not made to Urbahn. The letters were not addressed to him. They did not refer in terms to his debt or even hint at or recognize such debt. If in the case before us it could be held, to save his debt from the bar, in the same way such promise could save any and every debt held by the bank for collection. The rule obtained in many jurisdictions is that if there is a written promise to pay a barred debt generally without identifying it and it appears that there is more than one debt owing the party to whom such general promise is made, the writing is ineffectual to relieve the bar of the statute as to any of the debts.

The rule is thus stated in the American & English Encyclopaedia of Law, volume 19, pp. 292-3: "It must always clearly appear that the acknowledgment or new promise relates to the particular claim to revive which it is relied on. Where there are several claims held by one creditor against the same debtor, therefore, a mere general acknowledgment by the latter will not take any of them out of the operation of the statute or affect its running against them. But if it is made to appear that there was but a single transaction between the parties, a mere reference to the debt is sufficient so far as its identity is concerned." This statement of the law is sustained by the following cases: Boxley v. Gayle, 19 Ala., 151; Buckingham v. Smith, 23 Conn., 453; Walker v. Griggs, 32 Ga., 119; Smith v. Moulton, 12 Minn., 352; Dobson v. Dickson, 62 Ga., 639. In the case of Smith v. Moulton, supra, the court say:

"It is not necessary for us to determine whether, on principle, if this was a new question, a debt on which a remedy is lost by lapse of time should be held a sufficient consideration to support a new agreement or promise, or whether the mere acknowledgment of such debt should be considered evidence of a promise to pay, as the authorities nearly unanimously answer both questions in the affirmative, and our statute sanctions this view. In the letter of February 6, 1861, Moulton unqualifiedly acknowledged a then existing indebtedness to Smith, but there is nothing in the letter to show that the acknowledgment had reference to the debts evidenced by both the notes on which the action is brought, or to that evidenced by either in particular.

"It can not be considered settled by authority, whether a general acknowledgment of being indebted to the plaintiff is sufficient *prima facie,* to take the demand in suit out of the statute, when there is no proof that the plaintiff had any other demand against the defendant. See 1 Smith's Lead. Cases (6th ed.), 870-892, and cases there cited.

"But in this case, even if we leave out of account all other claims of the appellant against Moulton, it appears that when the acknowledgment of indebtedness was made by Moulton, Smith held three notes against him, and as the acknowledgment of indebtedness was general, and it can not be known to which one it referred, or whether it referred to more than one of the notes, it can not be held as evidence of a promise to pay either, and therefore does not take either out of the operation of the statute of limitations. Bailey v. Crane, 21 Pick., 324; Buckingham v. Smith, 23 Conn., 455; 1 Smith's Leading Cases, above cited."

In the great case of Bell v. Morrison, 26 U. S. (1 Pet.), 362, Judge Story thus lays down the rule: "An acknowledgment of the debt to take the case out of the statute of limitations must be clear and unambiguous and must recognize and be directed to the particular debt and amount to an unqualified admission that it is due and unpaid." Again, it was held by the Supreme Court of Arkansas in Opp v. Wack, 12 S. W., 565, 5 L. R. A., 743, that where there is more than one debt it must appear to which debt the promise relied on applies. See also Stout v. Marshall, 75 Iowa, 498; Whitney v. Reese, 11 Minn., 138; Faison v. Bowden, 72 N. C., 405; Braithwaite v. Harvey, 14 Mont., 208. The law in reference to this question is very fully and clearly stated in Cyc., vol. 25, p. 1330, et seq., and is to this effect:

"Identification of the Debt.—a. General Rule Requiring Certainty. The general rule is that an acknowledgment or promise to pay, in order to take the debt out of the statute, must satisfactorily and certainly appear to refer to the very debt in question.

"b. Application of Rule—Sufficiency of Acknowledgment or Promise. In the application of the general rule, however, the cases are not always in harmony. Thus it is held that the promise or acknowledgment must itself specify or plainly refer to the particular demand or cause of action, and it matters not where the uncertainty lies, whether in the acknowledgment or in the identification, its existence is equally fatal to plaintiff's recovery; or that the acknowledgment should furnish the means by which the character or amount of the debt can be certainly ascertained, or refer to something from which this can be certainly determined. So it is held that the new promise must arise out of the facts which identify the debt with such certainty as will clearly determine its character and fix the amount due; and a general admission of unsettled matters of account between the parties, or a general admission of indebtedness not referring to any particular claim, is not sufficient to support a promise to pay any particular demand. But on the other hand, either where the identity of the debt is otherwise certainly apparent, or where extrinsic evidence may be admitted to identify the debt, the amount of the debt need not be stated. In many cases the broad rule is adopted that it is enough if an indebtedness is admitted in reference to a particular subject matter, found to apply to the demand in suit, and that an admission of indebtedness in a specific sum is not essential, or even that a general admission of indebtedness is sufficient, it not appearing that there was more than one debt due from defendant to plaintiff; and

that such a general promise or acknowledgment of indebtedness will be taken to relate to the demand in suit, and when once proven the burden shifts to defendant to show that it relates to some other debt than the one with reference to which the promise presumably relates."

The precise question has never been before this court, but by analogy and keeping in mind the principles early announced and never departed from its solution is not difficult, and seems to inevitably result from what has been decided. The principles of construction to govern us in applying this statute are thus stated by Judge Gaines in Howard & Hume v. Windom, *supra:*

"The tendency of modern decisions has been to construe the statute more liberally in favor of debtors, and not to torture vague expressions into acknowledgments or promises when the language does not clearly import such construction. We think the statute should be construed so as to carry out the intention of the Legislature, and to effect the object which was sought to be accomplished by it. The evil which the statute of limitations in reference to debts was intended to remedy, was to prevent demands originally invalid or which had been discharged from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established. The reason for the statute no longer exists when the defendant within a short time before the bringing of the suit has acknowledged the justness of the demand."

Bearing in mind these just rules we think what has been decided by this court conclusively resolves the issues of law, under the conceded facts, against defendant in error. In the case of Coles v. Kelsey, 2 Texas, 542, 47 Am. Dec., 661, it was held that a "letter containing the acknowledgment of a debt and a promise to pay will be construed to have been intended to apply to the debt upon which the suit is brought, it existing at the time, in the absence of proof of any other transaction between the parties to which the letter might have applied." In this case Judge Lipscomb quotes with approval the following extract from Story on Contracts: "It is not necessary that any specific sum should be acknowledged to be due, if the acknowledgment be sufficiently broad to include the debt and sufficiently particular to show that it was the subject matter of the contract." The rule announced on this *subject* was approved by Judge Wheeler in Mitchell v. Clay, 8 Texas, 443. (he delivered a memorable dissent as to some other questions in Coles v. Kelsey). In that case he says: "It was very properly left by the court to the jury to decide whether the acknowledgment contained in the letter had reference to the debt sought to be recovered on the strength of it. The defendant not having shown there was any other debt due from him to the plaintiff, his acknowledgment was to be taken to apply to the one in suit. (Angell on Lim., 256; Coles v. Kelsey, 2 Texas, 542.) Subject to this qualification the question for the application intended by the writer of the letter was for the jury to decide. (Ang. Lim., 255.)" To the same effect is Howard v. Windom, *supra,* where the court say: "Acknowledgment in general terms will be held to apply to the debt sued on, unless defendant shows

there was another debt due by him to the plaintiff. Mitchell v. Clay, 8 Texas, 443. Therefore the letters must be considered as referring to the note in controversy in this suit." It should be remembered, too, that in some of the cases cited above there were some references to the particular notes sued on or of facts tending to identify them and in none of the cases was there any suggestion or hint of any other debt. The very fact that the acknowledgment is to be in writing evidences the purpose of the law-making body to place safeguards against the introduction generally of parol evidence to take the debt out of the bar of the statute. We can not express our views more strongly than by quoting from Story in Bell v. Morrison, *supra,* where he says: "If we proceed one step further, and admit loose and general expressions, from which a probable or possible inference may be deduced of the acknowledgment of a debt by a court or jury, that, as the language of some cases has been, any acknowledgment, however slight, or any statement not amounting to a denial of the debt, that any admission of the existence of an unsettled account, without any specification of amount or balance, and however indeterminate and casual, are yet sufficient to take the case out of the statute of limitations, and to let in evidence, *aliunde,* to establish any debt, however large, and at whatever distance of time; it is easy to perceive that the wholesome objects of the statute must be, in a great measure, defective, and the statute virtually repealed." We think the rule as adopted and settled in this court ought not to be further extended.

It can not have escaped attention, however, that the rule sought to be applied in this case goes very much further than is allowed in any of the cases noted above either in this State or elsewhere. Here the letters relied on as constituting the new promise were addressed to the Milmo National Bank to whom it is admitted he was then indebted. There is in these letters no reference to Urbahn and no acknowledgment of it. To ascertain and fix this fact must wholly depend on parol testimony. There is no written acknowledgment to Urbahn or to anyone else in which Urbahn or his debt is named, but the whole matter amounts to an attempt to show by parol evidence that a general acknowledgment made to the bank was intended and shall have the effect to revive Urbahn's barred debt. To so hold is to repeal the statute.

There is a general expression used by Judge Moore in Dickinson v. Lott, 29 Texas, 172, to this effect: "Whether the letters relied upon refer to the account on which the suit is brought is a question of fact for the determination of the jury, when all the evidence bearing upon the point shall be properly presented to them, upon which it would be improper for us now to express an opinion. If the letters refer to the account upon which the suit is founded, they are evidently a sufficient acknowledgment in writing of the justice of the plaintiff's claim to relieve him from the bar of the statute. This is as far as in the present attitude of the case we need inquire." But an examination of that case as made by the reporter will disclose the fact that it was distinctly alleged in that case that the account sued on was the only debt owing by Lott to Dickinson, and this fact was not, so

far as the record shows, contested or denied. It must seem clear therefore that the general language of Judge Moore is to be considered with reference to the facts of the case before him, and when so considered is not in conflict with any view herein expressed.

It follows therefore that no recovery can be had on the note sued on and the judgment of the Court of Civil Appeals and of the District Court is reversed and judgment is here rendered that defendant in error take nothing by his said suit and that plaintiff in error go hence without day and recover his costs herein expended in all the courts.

Opinion delivered March 29, 1911.

*Reversed and rendered.*