## JOSEPH BEATTY AND EDWARD STEDMAN

*v.*

## FREDERICK AMBS AND AUGUSTUS WITTMAN.

A certificate of the time and place of executing a commission, which certificate is *annexed to the* deposition, does not satisfy Rule 13, Dist. Court Rules, 1 Minn. R.

Where an action is brought against A. & W., on an alleged joint indebtedness for goods sold and delivered, and the answer of A. denies the sale and delivery, but admits that goods were left with A. & W. for sale on commission, and that sales of the same have been made to a certain amount, for which an indebtedness is admitted, which statements of the answer are denied in the plaintiff's reply; and the answer of W. admits in part the sale and delivery, and indebtedness alleged in the complaint, a motion by plaintiffs for judgment on the pleadings is well denied, and judgment of dismissal properly rendered. Such a state of the pleadings furnishes no basis for a several judgment against either of the defendants.

In the title of this cause the plaintiffs are mentioned as "partners, doing business under the firm name and style of Beatty & Stedman," and the defendants as "late partners, under the firm name and style of Ambs & Wittman." There are no allegations of partnership, either of the plaintiffs or the defendants. The complaint sets out a cause of action for

goods, etc., sold and delivered by the plaintiffs to the defendants, to the amount of $315 55. The defendants answer separately. Ambs denies the complaint, and sets up certain special matters of defense, and alleges that certain goods were put into the hands of the defendants by the plaintiffs, to be sold on commission, and were so sold to the amount of $70 50, for which he admits an indebtedness on the part of the late firm of Ambs & Wittman, and demands judgment for costs, etc. The defendant Wittman denies the complaint, and admitts a sale and delivery of goods to the amount of $40 00, and denies that the late firm of Ambs & Wittman are indebted to the plaintiffs in any other or greater. sum than $40 00. Neither answer contains any direct allegation of partnership. The reply to the answer of Ambs denies all the new matter, and to Wittman's answer denies that the goods delivered, etc., were only worth $40 00, and re-affirms the allegations of the complaint. The cause was brought on for trial before the District Court for Ramsey county, without a jury, at the general term in November, 1864. On the trial, the plaintiff offered in evidence certain depositions, taken under and pursuant to a commission dated and tested July 6, 1858, issued and directed to the commissioner therein named. The depositions consisted of the following papers, which were all annexed together, in the following order:

*First*—The commission, which was in the usual form, and contained sufficient blank space upon which to endorse the return.

*Second*—A stipulation of the parties, by their counsel, that such commission issue, and that the interrogatories appended thereto should go out with said commission.

*Third*—The said interrogatories. Upon the back of these papers, at the end of said interrogatories, was a certificate showing the time and place of executing the commission, etc. Then followed the several depositions of the witnesses. The defendants' counsel objected to the reading of the depositions

in evidence, on the ground (among others) that there was no return endorsed upon the commission, as required by the rules of the court. Rule 13, 1 Minn. page 457. The objection was sustained, and plaintiffs excepted. No further testimony was offered, and defendants' counsel moved to dismiss the case, on the ground that there were no allegations of the partnership of the parties in the complaint. Plaintiffs resisted the motion, and claimed that they were entitled to a judgment for the value of the goods admitted to have been received by the defendants, or either of them, from the plaintiffs. The court decided that there were no admissions in the pleadings upon which judgment should be entered for the plaintiffs against either or both of said defendants; that said answers are inconsistent with each other, and cannot both be true, and that the divers issues therein tendered and joined by the separate replies of the plaintiffs cannot be determined, except upon evidence *dehors* the pleadings; and that for failure of proof, and defect in the pleadings, the said defendants are entitled to a judgment of dismissal, and dismissed the action. The plaintiffs in due time excepted to each and every of the rulings and decisions, and findings of law, of the court. Judgment of dismissal was perfected on the 1st of August, 1865. Plaintiffs sue out writ of error, and remove the cause to this Court.

Bigelow & Clark, for plaintiffs in error.

M. Lamprey, for defendants in error.

*By the Court*—Berry, J.—The depositions offered on the trial below, were properly excluded. They were attempted to be taken under the old rules found in 1 Minn. Rep. Rule 13 required that the commissioner should "*indorse* upon the commission the time or times, and place of executing it." The indorsement upon the interrogatories which were attached to the commission, and might be regarded as forming a part

thereof, (*Hurd v. Pendrigh*, 2 Hill, 502,) did not contain sufficient to satisfy the rule. The final certificate, (as it is called in the bill of exceptions,) which was a paper *annexed to the depositions*, can hardly be said to have been *indorsed* upon the commission, in the sense and meaning of the rule. It must be confessed that it is difficult to see any substantial reason for requiring this indorsement to be made upon the commission, or how any greater facility is offered for fraudulent practice, where the return is upon a separate piece of paper annexed to the deposition, than where the return is upon the commission itself; and this view seems to have been acted upon in the promulgation of Rule 26, 6 Minn. 17.

But at the time when the depositions were taken, Rule 13, above referred to, was in existence, and the defendants had a right to rely upon its enforcement. We are unable to perceive how judgment can be rendered for the plaintiffs against the defendants jointly, as late partners, on the admissions contained in the answers. The complaint sets out a cause of action against the defendants jointly, for goods sold and delivered. The separate answer of Ambs, denies the sale and delivery *in toto*, but alleges that certain goods were by the plaintiffs put into the hands of Ambs & Wittman, to be sold on commission, and that said goods were sold to the amount of $70 50, for which he admits an indebtedness on the part of the late firm of Ambs & Wittman. The statements contained in the answer are denied in the reply. It is plain that this answer contains no admission of any part of the cause of action set up in the complaint. The separate answer of Wittman admits a sale and delivery of goods to the amount of $40 00. It is insisted by the plaintiffs, that as both answers admit a former partnership between the defendants, the admission of one as to any partnership transaction, binds both of the partners, although that admission was made after the dissolution of the partnership. Whether an admission made by one partner, after a dissolution, will bind the firm, is a some-

what vexed question. See 3 Kent, 49; Story on Part., Secs. 323–4; 1 Gr. Ev., Sec. 112 and notes; *Van Keuren v. Parmalee*, 2 N. Y. 524. But even if such an acknowledgment be competent and admissible, it is quite generally agreed that it is not *conclusive*, and that the joint contract must be proved *aliunde*. Collyer on Part. Sec. 423; *Cady v. Shepherd*, 11 Pick. 408; 3 Kent Com. 50; *Bridges v. Gray*, 14 Pick. 61; *Vinal v. Burrill*, 16 Ib. 406.

Yet no attempt is made to establish any joint contract, except by reference to the admissions contained in the answers. The admission of indebtedness found in Amb's answer, for the reason before given, is of no avail; and it may be added, that it is certainly somewhat singular for a plaintiff who has sworn to a given state of facts in his complaint, which is denied *in toto* by a sworn answer, to ask for a judgment upon the facts set up in the answer, which he has in his turn, denied in a sworn reply. The answer of Wittman, admitting the joint liability set up in the complaint, to the extent of $40 00, if it be competent, is, as we have seen, not conclusive. Now the court, to which the application for judgment for the sum of $40 00 was made, was asked to render judgment upon the pleadings; and an examination of the answers would show that the facts admitted as to the sale and delivery by Wittman, were denied by Ambs. As Wittman's admissions were not conclusive, the court might very properly determine that they were insufficient to overcome the answer of Ambs, and therefore failed to make out a case for the plaintiffs. It is further claimed by the plaintiffs, that if they are not entitled to judgment against the defendants jointly, they should have several judgments against them, for the amounts admitted by them respectively. The plaintiffs bring this action against the defendants on an alleged joint contract. None but a *joint* contract is admitted by either answer. There is no several liability shown, and no basis for several judgments. See *People v. Cram & White*, 8 How. 152; 9 Ib. 210; 1 Ab.

Pr. Rep. 231; 2 T. & S. N. Y. Pr. 2–5; 15 Barb. 527; 16 Barb. 41; 11 How. Pr. Rep. 199; *Fitz v. Clark & Co.*, 7 Minn. 217.

Sec. 38, page 536, Pub. Stat., has no application here, because this is not an action in which one joint associate is sued for the obligations of all; neither is there any proof of the joint obligation for which recovery is sought.

Judgment affirmed.