Brewer, J.
Several questions are in the record, and the first arises on the overruling of a motion to make one Charles S. Baker a party to the action. Said Baker & Lyon, defendants in error, had been partners, and the property converted, a two-horse wagon, partnership property. In December, 1871, the partnership was dissolved bj mutual consent, and in June, 1872, Baker sold and delivered the wagon in controversy to Bowman & Hogendobler. Lyon refused to recognize the sale, and claimed his half interest. We see no neees *223 •sily for Baker’s being made a party, or why this controversy could not be and was not fully determined in his absence. Baker assumed authority to sell an entire interest. Lyon denied that authority. Baker might well be an important witness, but the extent of his authority could easily be determined without his presence as a party.
Before the case was reached for trial Bowman filed his petition in bankruptcy, and was duly adjudged a bankrupt. Thereupon he moved for a continuance of the proceedings, so far as he was concerned, until the question of his discharge should be determined. This motion was sustained. Hogendobler joined in the motion, and asked that the case be also postponed as to him *until the question of Bowman’s discharge should be determined. This application was overruled, and of this plaintiff in error complains. We see no error in the ruling. Bowman’s bankruptcy could not affect Hogendobler’s liability. It was a personal matter, and did not inure to the benefit of his partner.
Objections were made to the admission of certain testimony, and the overruling of these objections is also assigned for error. Lyon, the defendant in error, was sworn as a witness in his own behalf, and was asked this question: “What was Baker’s object in trying to buy your share in the wagon?” to which, an objection having been overruled, he answered, “Baker told me he had a chance to sell his half of the wagon.” The question and answer were then withdrawn by Lyon’s counsel, on the ground that it did not appear that Bowman & Hogendobler were present when the statement was made. It not unfrequently happens that improper testimony is presented to a jury in the hurry of a trial; and in some cases, even though such testimony be formally withdrawn from their consideration, it is of such a nature as in all probability to unduly influence their min'ds. It may be the duty of the court in some such cases, in the furtherance of justice, to set aside the verdict and submit the case to a new jury, uninfluenced by such improper testimony. But ordinarily, if the testimony be withdrawn by counsel, or the jury instructed by the court to disregard it, the error in admitting it is removed'. Such we think was the case here.. The testimony was not of vital importance. It did not make or unmake the plaintiff’s case. It rested on the credibility of the plaintiff, and if the jury believed the rest of his testimony he was entitled to a verdict. The judgment should not be disturbed on this ground.
Again, Lyon was asked this question: “Were not the partnership debts of Baker & Lyon settled prior to the sale of the wagon to the defendants?” Defendant’s attorney objected that it was incompetent to show the condition of the partnership accounts in an action of this kind, and because Baker was not a party. The*objection was overruled, and the witness answered: “The debts had been settled.” The objection was not well taken. It was undisputed that the partnership between Baker & Lyon had been dissolved *224 six months before the sale. From that time forth, therefore, they became tenants in common, with no right in either to sell the interest of the other in any of the partnership property except so far a® might be necessary to settle up the partnership affairs,.and pay the-partnership debts. It was competent, therefore, to show that the partnership debts had been paid. Story, Partn. §§ 322-328.
The deposition of C. S. Baker was taken twice, once while the action, was pending before the justice of the peace, and again after it reached the district court. On the trial the latter was ruled out, on the-ground that it had not been “filed” at least one day before the trial. The deposition was received by mail, inclosed within two wrappers,, one within the other. The indorsements made by the clerk, which appear on the wrappers, and not on the deposition, are as follows: “Pieceived by mail, Feb’y 27, 1873. F. G. Hunt, Clerk. By J. P. Pinkerton, Deputy.” “Opened by order of defendant’s attorney. F. Gr. Hunt, Clerk. By J. P. .Pinkerton, Deputy. ” There was no other indorsement of filing than this. It appeared from the testimony that the deposition was received by the clerk at the time indicated, which was nearly a month prior to the trial; that it was opened and used, on a motion, three days before the trial, and had been with the papers in the case ever since. It seems to us that the court erred in ruling out this deposition. True, it was the duty of the clerk, when he received it, to have marked it filed, (Code, §§ 710-712;) but it was a purely formal act, which, having been omitted, the court should have ordered done at once. The omission of the clerk to note the fact of filing should not deprive the party of the right to use this testimony. As the deposition was used on a motion three days prior to the trial, the plaintiff was not surprised, but was fully aware of its presence. This deposition having been ruled out, the defendant read the one taken while the action was pending before the justice. If the depositions had been alike, this would have rendered the error one without prejudice. But on comparing the two, we find the one rejected more full, and embracing matters not in the other— testimony which was competent and material. Under these circum- • stances we cannot hold that the error was immaterial, and without prejudice.
The judgment of the district court will be reversed, and the cause remanded for another trial.
(All the justices concurring.)
NOTE.
Actions between partners — attachment, Stone v. Boone, 24 Kan. 337; Pettingill v. Jones, 28 Kan. 749; Sexton v. Lamb, 27 Kan. 426; Blaker v. Sands, 29 Kan. 551; dissolution, see Eagle Manuf’g Co. v. Jennings, 29 Kan. 657; Blaker v. Sands, Id. 551; notice of, Merritt v. Williams, 17 Kan. 287; eifect of, Medberry v. Soper, Id. 375; accounting, Lannan v. Claim, 3 Kan. *18; Carlin v. Donegan, 15 Kan. 495; Lord v. Anderson, 16 Kan. 185; Norman v. Conn, 20 Kan. 159. See Williams v. Barnett, 10 Kan. 390, and note.
Liability of old firm is not discharged by dissolution, Knox v. Hayes, 2 N. W. Rep. 670; after dissolution, one partner cannot bind copartners bv indorsing a *225 note in the firm name, Carlton v. Jenness, 3 N. W. Rep. 284; guaranty by one partner after dissolution, when binding on copartners, Star Wagon Co. v. Swezey, 3 N. W. Rep. 421; by death of one member — liability of survivors for unperformed contracts of firm, Buyers v. Chicago, R. I. & P. R. Co., 3 N. W. Rep. 522; interest not allowed on deficiency in account, Clark v. Warden, 4 N. W. Rep. 413; nature of action for an accounting of the affairs of the partnership, Godfrey v. White, 5 N. W. Rep. 243; rights and liabilities of various parties in action for dissolution and distribution determined, Richards v. Burden, 7 N. W.Rep. 17; outgoing partner is liable for goods ordered previous to dissolution, Goodspeed v. South Bend Chilled Plow Co., 7 N. W. Rep. 810; retiring partner is bound by all contracts prior to dissolution, Goodspeed v. Wiard Plow Co., 7 N. W. Rep. 902; upon dissolution th'e succeeding partner is liable for debts of firm, McKillip v. Cattle, 11 N. W. Rep. 735; voluntary dissolution — contract—when court cannot appoint a receiver, Simon v. Schloss, 12 N. W. Rep. 196; statute of limitations does not begin to run against a partner in an action for accounting until a dissolution of the partnership, or until a sufficient time after a demand therefor, Richards v. Grinnell, 18 N. W. Rep. 668; evidence held to show that B. agreed to pay the firm debts upon dissolution, but that he did not agree to repay the sum originally invested by A. in the business, Kibby v. Kimball, 19 N. W. Rep 825; mortgage executed by a surviving partner to extend time of payment of a firm debt held valid as against widow and heirs of deceased partner. Van Staden v. Kline, 20 N. W. Rep. 3; power of partner to dissolve — future liability, Solomon v. Hollander, 21 N. W. Rep. 336; sufficiency of notice of dissolution, Id.; dissolution — payment of notes — knowledge of creditor, Rand Lumber Co. v. Martin, 21 N. W. Rep. 29; dissolution — breach of contract to pay firm debts, Jewell v. Ketchum, 23 N. W. Rep. 709; after dissolution one member of a firm cannot waive the statute of limitation, upon a claim already barred, so as to affect the other, Whitney v. Reese, 11 Minn. 138, (Gil. 87;) an admission by one partner after dissolution is not conclusive upon the partnership, Beatty v. Ambs, 11 Minn. 331, (Gil. 234;) indorsement of note after dissolution, Bryant v. Lord, 19 Minn. 396, (Gil. 342;) indorsement of note after dissolution — ratification of, First Nat. Bank v. Parsons, 19 Minn. 289, (Gil. 246;) dissolution — fraud—action for, Berkey v. Judd, 22 Minn. 287; partnership is dissolved by death of a partner, though the articles prescribe afixed period for its duration, Hoard v. Clum, 31 Minn. 186; S. C. 17 N. W. Rep. 275; right of the survivors and the representatives of the deceased to have the business wound up, and the surplus divided, Id.; where, after dissolution, both parties continue receiving and paying out money upon firm matters, a cause of action for-accounting is deemed to accrue at the date of the last item received or paid out,, McClung v. Capehart, 24 Minn. 17; chose in action — transfer of, Blakeley v. Le-Duc, 23 Minn. 476.
Assignment by partner — withdrawal of partner, Waller v. Davis, 12 N. W. Rep. 798; death of partner invests survivor with property and business for winding up, Starr v. Case, 13 N. W. Rep. 645; surviving partner not entitled to compensation' for settling affairs of, Id.; upon dissolution, on death of one partner, accounts, should be taken separately, according to the interests of each partner, Id.; upon, dissolution of, partner is entitled to accounting, Near v. Lowe, 13 N. W. Rep.. 825; property, in case of insolvency, not liable for individual debts of partners, until partnership debts are satisfied, Bowen v. Billings, 14 N. W. Rep. 152; surviving partners should not exclude execution of deceased partner from use of partnership assets in settling the estate, but he cannot set off any part thereof to the estate, nor has executor a right to admission as a partner, Chittenden v. Wit-beck, 15 N. W. Rep. 526; death of partner, in absence of agreement to the contrary, works a dissolution both as respects the deceased and surviving partners, and an agreement to continue the partnership for a fixed period is not such an agreement, Hoard v. Clum, 17 N. W. Rep. 275; marriage of copartners works an instantaneous dissolution of the partnership, Bassett v. Shepardson, 17 N. W. Rep. 217.
Principal and agent — test, Parcheu v. Anderson, 5 Pac. Rep. 588; relations of partners inter «ese generally conclude the fact, Id.; possession of land — one partner holds for all, Southmayd v. Southmayd, 5 Pac. Rep. 318; suit at law — assignee, Beacannon v. Liebe, 5 Pac. Rep. 273; final and interlocutory judgments, White v. Conway, 5 Pac: Rep. 672; admission of new partner — right to interest in land, Marsh v. Davis, 6 Pac. Rep. 612; joint liability, Randall v. Hunter, 6 Pac. Rep. 331; payment of note to partner, Bigelow v. Henniger, 6 Pac. Rep. 593; sale by one partner to his copartner — consideration, Hildebrand v. Wadsworth, 6 Pac. Rep. 233; purchase of land — trust—evidence, Marsh v. Davis, 6 Pac. Rep. 612; *226 partnership funds, Kayser v. Mongham, 6 Pac. Rep. 803; purchase of mine by partner, Id.; members of a state grange are not partners, Edgerly v. Gardner, 1 N. W. Rep. 1004; must have more than one partner, Sterling v. Heintzman, 4 N. W. Rep. 165; what evidence is inadmissible to prove a partnership, Brown v. Rains, 4 N. W. Rep. 867; an agreement by which there is no community of interest does not create partnership, Nicholaus v. Thielges, 7 N. W. Rep. 341; rights of partners, and 1heir liability determined, Dimond v. Henderson, 2 N. W. Rep. 73; court of equity may retain jurisdiction to avoid multiplicity of suits — goodwill as assets, Shepherd v. Boggs, 2 N. W. Rep. 370; retiring partner is liable for debts created after dissolution, when, Benjamin v. Covert, 2 N. W. Rep. 625; mines being worked by several parties for their joint benefit will constitute them partners, and, as such, they can bind each other by dealings on credit, although they may not in regard to promissory notes or borrowing money, Manville v. Parks, 2 Pac. Rep. 212; judgment obtained against two partners in asuit against three on a promissory note, the case having been continued as to the third, is a bar to a suit on the original debt against him, Bank v. Ford, 3 Pac. Rep. 449; sale and delivery of goods to one partner in his individual capacity will not render the firm liable therefor, though the items are to be charged in the partnership account, Burt v. Collins, 3 Pac. Rep. 128; existence of partnership, Cogswell v. Wilson, 4 Pac. Rep. 1130; sale of lands by one partner, McNeil v. First Congregational Soc., etc., 4 Pac. Rep. 1096; absence of partner from state — power of co-partner to sell or assign property, Bernheim v. Porter, 4 Pac. Rep. 446; purchase from partner — good faith — remedy, Crites v. Muller, 4 Pac. Rep. 567; trust— conveyance to partner, Robarts v. Haley, 4 Pac. Rep. 385; sheriff’s sale of partner’s interest — action for conversion, Wright v. Ward, 4 Pac. Rep. 534; judgment — joint and several, Stout v. Baker, 4 Pac. Rep. 141; S. C. 32 Kan. 118; dissolution — accounting, Stretch v. Talmadge, 4 Pac. Rep. 513; pleading averment of a settlement, Bean v. Gregg, 4 Pac. Rep. 903; suit for dissolution, Cogswell v. Wilson, 4 Pac. Rep. 1130.
Action will not lie by one partner against another for his share until the affairs of the firm are settled by an accounting, defining their respective rights, McMahon v. Thornton, 1 Pac. Rep. 724; judgment against ostensible partners in firm name binds partners not named, and his interest will pass to sheriff’s vendee, Rinschowers v. Hanks, 1 Pac. Rep. 454; complaint in name of E., C. & Co., the partners not being named, and no Christian name given, is demurrable for defects ■of parties, but answering, without objecting, to the defect, waives it, Boyd v. Platner, 2 Pac. Rep. 346; contract drawn up and signed by one partner only is not admissible in evidence to show the terms of the copartnership, Tweed v. Lowe, 2 Pac. Rep. 757; evidence held to show that party sued was liable as a partner for goods sold for branch store, Woodward v. Clark, 2 Pac. Rep. 106; S. C. 30 Kan. 78; evidence of a limitation of partnership liability is not admissible, unless such limit.ation, and notice thereof to plaintiff, is specially pleaded, Manville v. Parks, 2 Pac. Rep. 212; judgment obtained in probate court against a firm by service on ■ one partner only must be brought into the district court, and defendants not served .brought in by scire facias to show cause why they should not be made parties to the judgment, or they will not be personally bound thereby, Kleinschmidt v. Barckley, 2 Pac. Rep. 275; surviving partner is a trustee, and the firm property a trust fund that he must use in payment of debts and closing partnership, Salisbury v. Ellison, 2 Pac. Rep. 906.