**KINNISON BROS. v. STEGER.**   (No. 3608.)

Court of Civil Appeals of Texas.   Texarkana.
Nov. 24, 1928.

Rehearing Denied Dec. 6, 1928.

528

Burgess, Burgess, Chrestman & Brundridge, of Dallas, for appellants.

Cunningham & Lipscomb, of Bonham, for appellee.

LEVY, J. (after stating the facts as above). The jury made the finding upon the controverted issue that the sale and installation of the steam-heating plant was upon a contract made by appellant, not with the trustees of the church, but with the appellee. This original contract was shown to have been an oral one, of date December 31, 1920. The appellant moved for judgment on the jury verdict; and the court, in view of findings of fact made by him, refused the motion. "The sole question for determination on this appeal," as stated in appellants' brief, "is whether or not the trial court erred in overruling plaintiffs' motion for judgment and in rendering judgment for the defendant on the ground that the condition in the defendant's written and signed acknowledgment of the justness of the debt had not transpired. We believe that the trial court was wrong in that finding."

The present suit is founded on the written memorandum in evidence. Such new contract constitutes the debt, and the original indebtedness serves only to show the consideration. Interstate B. & L. Ass'n v. Goforth, 94 Tex. 259, 59 S. W. 871; Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217. It is believed that the memorandum by its terms specified that payment was to depend on the contingency or condition of John P. Steger's receiving the money from the Baptist Church with which to pay appellants. The circumstances under which it was given emphasize that purpose and meaning of the memorandum. Such condition was substantially pleaded by appellant as follows: "On or about May

1, 1922, John P. Steger renewed and ratified the original obligation, and did agree in writing to pay the balance, $2,571.00, when he should settle certain disputed claims that he had against said First Baptist Church for the furnishing of material and labor in the construction thereof."

The condition is of similar character to the conditions in the cases of York v. Hughes (Tex. Com. App.) 286 S. W. 165; Rowlett v. Lane, 43 Tex. 274; Mitchell v. Clay, 8 Tex. 443. The fulfillment of the condition became a prerequisite to liability on this new promise 'sued on, and the burden of proof was upon appellants to establish the happening of the events upon which the condition was based. The court found as a fact that appellee did not receive money from the trustees of the First Baptist Church in any amount which he could apply upon the debt of appellants. It seems that the contract price of the building was otherwise exhausted in construction. We believe that the finding by the court is not without sufficient evidence to support it. In view of such finding, the court did not err in overruling the motion of appellants.

The judgment is affirmed.