**J. C. HUMPHRIES et al., Appellants,**

v.

**Arthur SIMONSEN, Appellee.**

No. 3381.

Court of Civil Appeals of Texas.

Eastland.

May 16, 1958.

Stateson & Thompson, L. J. Gittinger, San Antonio, for appellants.

John Peace, Edward Penshorn, San Antonio, Archer & Archer, Austin, for appellee.

GRISSOM, Chief Justice.

J. C. Humphries and Charles F. Schwab had a contract with the State of Texas to furnish it aggregate. They entered into

a contract with Arthur Simonsen which recited said fact and, with exception of the formal parts, was as follows:

"IN CONSIDERATION for five per-cent (5%) of the total amount of said contract between Party of First Part and the State of Texas, to be paid to Party of Second Part as part of each settlement as set forth below, Party of Second Part agrees to furnish all funds necessary to pay for all labor, truck hire, and miscellaneous expenses necessary to carry out the above-mentioned contract, but not to include expenses for major equipment repairs or purchase of equipment.

"Funds shall be deposited and set aside in the American National Bank of Austin, Texas, or such bank as may be designated by Party of First Part. All checks issued against such account are to be issued by Party of First Part subject to counter-signature of Party of First (This is evidently a typographical error and was intended to be Second) Part. All payments received under the aforementioned contract with the State of Texas shall be deposited to such account in the designated bank and the State of Texas shall be so instructed to send all payments to said bank.

"All funds which may be advanced by Party of Second Part shall be repaid out of such payments under the contract with the State of Texas and settlements under this agreement shall be made between Party of First Part and Party of Second Part within ten days of receipt of each payment under that contract, at which time payment of advances funds together with payment of five percent (5%) of the amount of the contract payment shall be made to Party of Second Part."

Simonsen complied with his obligation and furnished Humphries and Schwab $26,627.83 for the purposes stated. The total amount of money received by Humphries and Schwab under their contract with the State was $16,273.20. It was deposited in the American National Bank to the joint account of said parties and was paid to Simonsen. Humphries and Schwab refused to pay Simonsen the balance of his advance to them, which amounted to $10,354.63. Independent of said contract Simonsen loaned Humphries and Schwab $2,100.00 on which they owed a balance of $467.42.

Simonsen sued Humphries and Schwab for the balance of the money "furnished" by him and the amount unpaid on the related loan. He alleged that he agreed to "furnish" defendants all funds necessary to pay for labor, truck hire, and miscellaneous expenses to carry out their contract with the State in consideration of the repayment of all funds so "advanced" plus five per cent of the amount received by defendants under their contract with the State. Simonsen alleged that he complied with the contract and "furnished" defendants $26,627.83 for the purposes stated in the contract and that defendants became bound to repay him all the "funds so advanced" plus said five per cent; that defendants had repaid $16,273.20 of the amount "advanced" but refused to pay the balance of said "advance", amounting to $10,354.63. Simonsen alleged that the total amount received by defendants under their contract with the State was $16,273.20 and that they were bound to pay him five per cent thereof. He then alleged that, independent of said contract, he "loaned" defendants $2,100 and that they owed a balance on said loan of $467.42.

"Said facts were agreed to. Based thereon, the court rendered judgment for plaintiff for $11,635.71, the balance of the funds "furnished" plus five per cent of the amount paid by the State. Humphries and Schwab have appealed.

Their points of error are, in substance, that the court erred in rendering judgment for Simonsen for (1) the difference between the amount received by appellants on their contract with the State and the amount "furnished" by Simonsen, to-wit, $10,354.63, because the contract between appellants and appellee provided that the

money furnished under said contract should be repaid out of a particular fund and appellants, having repaid all the money paid into said fund, no personal liability exists and that the court erred in rendering judgment (2) for $813.16, being five per cent of the amount paid on the contract between Humphries and Schwab and the State, which was to be paid to Simonsen out of the proceeds of said contract and, the money received on their contract with the State having been paid to Simonsen, appellants were not personally liable therefor.

Appellants admit liability for $467.42, the unpaid balance of the money "loaned" them by Simonsen. It is significant that the contract in question first recited that Humphries and Schwab had a contract with the State. It then provided that in consideration of five percent of the contract with the State, to be paid to Simonsen "as part of each settlement as set forth below", Simonsen agreed to "furnish" funds to pay for labor, truck hire and miscellaneous expenses necessary to carry out said contract. It then stated that the funds advanced by Simonsen should be deposited in a bank and all checks issued against that account should be signed by both parties and, also, that all payments received by Humphries and Schwab from the State should be deposited in the same account and that the State should be instructed to send all payments to that bank. In the final paragraph it was expressly provided that all funds "advanced" by Simonsen "shall be repaid out of such payments under the contract with the State * * *."

Neither in said contract nor plaintiff's pleadings was the money "furnished" by Simonsen ever referred to as a loan.

There is no provision indicating that Humphries and Schwab should ever pay either the money "furnished" or the five per cent of the contract with the State except out of the fund created by the deposit of payments by the State to Humphries and Schwab in a particular account, which was the same account and fund in which Simonsen deposited the money furnished by him. We think the contract excludes the idea of personal liability of Humphries and Schwab for the balance of sums "furnished" and the five per cent, both of which were payable only out of said fund. The time fixed for payment was within ten days after receipt of each payment by the State, the amount then due was the amount "advanced" by Simonsen plus five per cent of the amount of that payment by the State under its contract with Humphries and Schwab and it was to be repaid "out of such payments". There was no provision indicating that the money to be paid Simonsen was at any time or in any event to be paid by Humphries and Schwab personally. City of Seymour v. Municipal Acceptance Corp., Tex.Civ.App., 96 S.W.2d 814 (Writ Dis. by agreement); Lawton v. Scott, La.App., 29 So.2d 614; Norton v. W. L. Macatee & Sons, Tex.Com.App., 16 S.W.2d 517; Young & Pratt v. Southwest Insulation & Packing Company, Tex.Civ.App., 94 S.W.2d 276, 279 (Writ Dis.); Kinnison Bros. v. Steger, Tex.Civ.App., 11 S.W.2d 527 (Writ Dis.); 10 Tex.Jur. 399; 17 C.J.S. Contracts § 456, p. 939; 12 Am.Jur. 848; Restatement of the Law of Contracts, Vol. 1, page 359.

The judgment for the balance of the money loaned, to-wit, $467.42, with interest, is affirmed. Otherwise the judgment is reversed and the judgment is rendered for appellants.