ACCEPTED
03-16-00664-CV
13926094
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/22/2016 11:24:28 AM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-16-00664-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/22/2016 11:24:28 AM
JEFFREY D. KYLE
Clerk

# THE COURT OF APPEALS
# THIRD DISTRICT OF TEXAS
# AUSTIN

## BENNY M.B. DANESHJOU
## SALLY DANESHJOU
## DANESHJOU COMPANY, INC.
## APPELLANTS

### v.

## KASLING, HEMPHILL, DOLEZAL AND ATWELL, L.L.P.
## APPELLEE

Appealed from the 53rd District Court of Travis County Texas
Trial Court Cause No. D-1-GN-13-003405
Honorable KARIN CRUMP Judge Presiding

## APPELLANTS' BRIEF

Respectfully submitted,
THE FERRARO LAW FIRM

/s/ *Peter E. Ferraro*
Peter E. Ferraro, Esq.
1011 West 10th Street
Austin, Texas 78703
State Bar No. 06934600
Tel: (512) 474-7742
Fax: (512) 474-8106
Email: ferrarolaw@mac.com
ATTORNEY FOR APPELLANTS

*ORAL ARGUMENT REQUESTED*

1

CAUSE NO. 03-16-00664-CV

THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN

BENNY M.B. DANESHJOU
SALLY DANESHJOU
DANESHJOU COMPANY, INC.
APPELLANTS
v.
KASLING, HEMPHILL, DOLEZAL AND ATWELL, L.L.P.
APPELLEE

Appealed from the 53rd District Court of Travis County Texas
Trial Court Cause No. D-1-GN-13-003405
Honorable KARIN CRUMP Judge Presiding

**APPELLANTS' BRIEF**

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellants, M.B. "Benny" Daneshjou, Sally Daneshjou and Daneshjou

Company, Inc., submit this, their Brief on the merits. Throughout this Brief, the

Clerk's Record shall be referred to as "C.R. [page #]."

## IDENTITY OF PARTIES AND COUNSEL

Peter E. Ferraro
THE FERRARO AW FIRM
1011 West 10th Street
Austin, Texas 78703
Tel: (512) 474-7742
Fax: (512) 474-8106
Email: ferrarolaw@mac.com

**ATTORNEY FOR APPELLANTS**
**BENNY MB DANESHJOU**
**SALLY DANESHJOU**
**DANESHJOU COMPANY, INC.**

Trey Dolezal
KASLING, HEMPHILL, DOLEZAL and ATWELL, L.L.P.
301 Congress Ave. Suite 300
Austin, Texas 78701
Tel: (512) 472-6800
Fax: (512) 472-6823
Email: dolezal@khdalaw.com

**ATTORNEY FOR APPELLEE**
**KASLING, HEMPHILL, DOLEZAL and ATWELL, L.L.P.**

TRIAL COURT:   53rd Judicial District Court,
Travis County Texas
Honorable KARIN CRUMP, Judge Presiding

# TABLE OF CONTENTS

INDENTITY OF PARTIES AND COUNSEL ...................................... 3

TABLE OF CONTENTS ........................................................... 4

INDEX OF AUTHORITIES ....................................................... 5

STATEMENT OF CASE ........................................................... 6

        a. Nature of case ................................................ 6

        b. Trial Court ..................................................... 7

        c. Trial Court Disposition ..................................... 7

ISSUE PRESENTED ................................................................ 7

STATEMENT OF FACTS ........................................................... 7

SUMMARY OF ARGUMENT ...................................................... 8

ARGUMENT AND AUTHORITIES ............................................... 8

CONCLUSION AND PRAYER ..................................................... 11

CERTIFICATE OF COMPLIANCE ............................................... 12

CERTIFICATE OF SERVICE ...................................................... 12

# INDEX OF AUTHORITIES

## CASES

Beard Family P'ship v. Commercial Indem. Ins. Co., 116 S.W.3d 839, 844 (Tex. App.—Austin 2003, no pet.) ............................................... 9

Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992) .................. 9

City of San Antonio v. Guido Bros. Construction Co., 460 S.W.2d 155, 163 (Tex. Civ. App. 1970)
................................................................................. 10

Kinnison Bros. v. Steger, 11 S.W.2d 527, 529 (Tex.Civ.App. - Texarkana, 1928, error dism.) ............................................... 10

McDonald v. Grey, 29 Tex. 80, 82 (1867) ........................................... 11

Mensa-Wilmont v. Smith Int'l, Inc., 312 S.W.3d 771, 781 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ........................................... 9

Smallwood v. Melton, 97 S.W.2d 781, 785 (Tex.Civ.App. Fort Worth, 1963, error dism.). ............................................... 11

York v. Hughes, 286 S.W. 165, 167 (Tex.Com.App., 1926) ...................... 11

## STATEMENT OF THE CASE

**Nature of the case:**

This case concerns the interpretation of a Mediated Settlement Agreement between the law firm Kasling, Hemphill, Dolezal and Atwell, L.L.P. ("Appellee") and their clients M.B. "Benny" Daneshjou, Sally Daneshjou and Daneshjou Company, Inc. ("Appellants"). A dispute arose over the fees to be paid to Appellee concerning prior legal representation and the Appellee filed suit to collect its legal fees. The parties then mediated the issue and reached a mediated settlement agreement on March 25, 2015 with a Record of Mediation Agreement signed by all parties on June 18, 2015 (C.R. 14-15). Under the signed agreement, the payment for the agreed legal fees was deferred until the following year to allow time for Appellants to raise the necessary funds for payment. As part of the Mediated Settlement Agreement, Appellee agreed to dismiss the pending lawsuit with the right to reinstitute it if Appellants failed to make all the payments under the Mediated Settlement Agreement.

Appellee failed to dismiss the pending lawsuit and Appellants were unable to raise the necessary funds to make the deferred payments to Appellee. Appellee then filed a Motion to Enforce Mediated Settlement Agreement (C.R. 10-15). Appellants likewise filed a Motion to Enforce Mediated Settlement Agreement (C.R. 16-19), requesting that Appellee dismiss the pending lawsuit.

6

**Trial Court:**

The Honorable Karin Crump of the 53rd District Court.

**Trial Court Disposition:**

The trial court signed a Final Judgment dated July 8, 2016 (C.R. 36-37) granting Appellee's Motion to Enforce Mediated Settlement Agreement and denying Appellant's Motion to Enforce Mediated Settlement Agreement. This judgment forms the basis of this appeal.

## ISSUE PRESENTED

1. Did the trial court err in granting Appellee's Motion to Enforce Mediated Settlement Agreement where Appellee breached the agreement by failing to satisfy a condition precedent to dismiss the pending lawsuit?

## STATEMENT OF FACTS

M.B. "Benny" Daneshjou, Sally Daneshjou and Daneshjou Company, Inc., Defendants in the trial court action and Appellants in this matter, were sued by Kasling, Hemphill, Dolezal and Atwell, L.L.P., Plaintiff in the trial court action and Appellee in this matter, concerning a fee agreement over prior legal representation. The parties then mediated the issue and reached a mediated settlement agreement on March 25, 2015 with a Record of Mediation Agreement

7

signed by all parties on June 18, 2015 (C.R. 14-15). Under the signed agreement, the payment for the agreed legal fees was deferred until the following year to allow time for Appellants to raise the necessary funds for payment. As part of the Mediated Settlement Agreement, Appellee agreed to dismiss the pending lawsuit with the right to refile a lawsuit if Appellants failed to make all the payments under the Mediated Settlement Agreement. Appellee failed to dismiss the pending lawsuit and Appellants were unable to raise the funds to make the necessary payments under the Mediated Settlement Agreement.

## SUMMARY OF ARGUMENT

The trial court erred in granting Appellee's Motion to Enforce Mediated Settlement Agreement because Appellee breached the agreement by failing to satisfy a condition precedent to dismiss the pending lawsuit. The doctrine of "condition precedent" for breach of contract law prevents Appellee from enforcing the payment obligation against Appellants under the Mediated Settlement Agreement.

## ARGUMENT AND AUTHORITIES

Appellants assert that the trial court erred in granting Appellee's Motion to Enforce Mediated Settlement Agreement because Appellee breached the agreement by failing to satisfy a condition precedent to dismiss the pending lawsuit. The

condition requiring that Appellee dismiss the pending lawsuit was a condition precedent under Texas law which prevented Appellee from enforcing the terms of the Mediated Settlement Agreement.

A party seeking to enforce a contract bears the burden of proving that all conditions precedent have been satisfied. See Mensa-Wilmont v. Smith Int'l, Inc., 312 S.W.3d 771, 781 (Tex. App.—Houston [1st Dist.] 2009, no pet.). When a party's obligation under the contract is conditioned upon the happening of a future event, the condition must be performed or fulfilled exactly as set forth in the contract before the promise can be enforced. See Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992); Beard Family P'ship v. Commercial Indem. Ins. Co., 116 S.W.3d 839, 844 (Tex. App.—Austin 2003, no pet.).

A key element of the Mediated Settlement Agreement was that Appellee dismiss the pending lawsuit in order that Appellants would be in a much better position to obtain funding to make the necessary payments due to Appellee under the Mediated Settlement Agreement. The condition was material as it affected the ability of the Appellants to obtain credit which would have assisted Appellants in fulfilling their payment obligations under the Mediated Settlement Agreement. (This was not a **covenant** under the agreement, but a **condition precedent** to its enforcement.) As such, it was incumbent on Appellee to dismiss the pending

9

lawsuit (which Appellee never did). Section 1 under the Mediated Settlement Agreement reads as follows:

1. Trey L. Dolezal and KHDA ("Plaintiffs") and DCI and Sally and Benny Daneshjou ("Defendants") agree to mutually release each other from any and all claims asserted or that could be asserted in the above captioned case and agree to dismiss the above captioned case with prejudice.

By this language, the parties clearly contemplated that this very lawsuit would be dismissed with prejudice. However, if Appellants failed to make all the payments required under the Mediated Settlement Agreement, then Appellee would have the right to reinstitute a lawsuit against Appellants. Section 6 under the Mediated Settlement Agreement reads as follows:

6. If Defendants fail to make the payments as set forth above on or before June 1, 2016, Defendants agree that Plaintiffs can refile their claims, notwithstanding the prior dismissal and the applicable statute of limitations, for all claims and/or counterclaims will be tolled by this agreement from the date of the original filing of the above captioned case to 60 days after such failure to pay under this agreement and collect reasonable attorney's fees and interest of 10% from the date of the breach to the date of payment.

If a contract contains a condition precedent, Texas law provides that the burden of proof is upon the party seeking to impose liability thereon to establish the happening of the events upon which the condition was based. See City of San Antonio v. Guido Bros. Construction Co., 460 S.W.2d 155, 163 (Tex. Civ. App. 1970), Kinnison Bros. v. Steger, 11 S.W.2d 527, 529 (Tex.Civ.App. -

10

Texarkana, 1928, error dism.). Indeed, it is said that when such condition precedent appears in a contract, the fulfillment of the named condition becomes a prerequisite to the debtor's promise. York v. Hughes, 286 S.W. 165, 167 (Tex.Com.App., 1926); McDonald v. Grey, 29 Tex. 80, 82 (1867); Smallwood v. Melton, 97 S.W.2d 781, 785 (Tex.Civ.App. Fort Worth, 1963, error dism.). In the case at hand, the condition precedent of the dismissal of the pending lawsuit was not accomplished by Appellee. Therefore, Appellee is prohibited from enforcing the Mediated Settlement Agreement and collecting the money from Appellants.

## CONCLUSION AND PRAYER

Based upon the foregoing, the pleadings, summary judgment evidence, and the records on file, the trial court erred in granting Appellee's Motion to Enforce Mediated Settlement Agreement because Appellee breached the agreement by failing to satisfy a condition precedent to dismiss the pending lawsuit. Therefore, Appellants respectfully request that this Court reverse the decision of the trial court.

Respectfully submitted,

/s/ Peter E. Ferraro
Peter E. Ferraro
The Ferraro Law Firm
SBN: 06934600
1011 W. 10th St.
Austin, Texas 78703
Tel: (512) 474-7742
Fax: (512) 474-8106
E-mail: ferrarolaw@mac.com

## CERTIFICATE OF COMPLIANCE

I certify that the Appellants' Brief contains 1,779 words.

/s/ Peter E. Ferraro
Peter E. Ferraro

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 22nd day of November, 2016: Trey Dolezal, Kasling, Hemphill, Dolezal and Atwell, L.L.P., 301 Congress Avenue, Suite 300, Austin, Texas 78701 at 512-472-6823.

/s/ Peter E. Ferraro
Peter E. Ferraro

# INDEX TO APPENDIX

Tab A      Final Judgment (July 8, 2016)

Tab B      Mediated Settlement Agreement

Tab A

Cause No. D-1-GN-13-003405

| | | |
|---|---|---|
| KASLING, HEMPHILL, DOLEZAL &ATWELL, LLP **Plaintiff,** | § § § § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **53RD JUDICIAL DISTRICT** |
| | § | |
| M.B. "BENNY" DANESHJOU, SALLY DANESHJOU, AND DANESHJOU COMPANY, INC. **Defendants.** | § § § § | |
| | § | **OF TRAVIS COUNTY, TEXAS** |

## FINAL JUDGMENT

On July 6, 2016, the Court considered Plaintiffs' Motion to Enforce Mediated Settlement Agreement and Defendants' Motion to Enforce Mediated Settlement Agreement. Plaintiff appeared through its attorney of record, Trey L. Dolezal. Defendants appeared through their attorney of record, Peter E. Ferraro. The record of testimony was duly reported by Jamie Foley, the substitute court reporter for the 250th Judicial District Court.

After reviewing the parties' motions, the pleadings, evidence presented, arguments of the parties, and applicable law, the Court is of the opinion that Plaintiff's Motion to Enforce Mediated Settlement Agreement should be and is hereby GRANTED and Defendant's Motion to Enforce Mediated Settlement Agreement should be and is hereby DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Enforce is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Enforce Mediated Settlement Agreement should be and is hereby DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall have and recover of and from Defendants the total sum of $37,500.00 with interest accruing on said

FINAL JUDGMENT


004672795



Page 1 of 2

36

sum at the rate of 10% per annum from June 1, 2016, thereafter until paid in full, and $2,500.00

for attorney fees, for all of which let execution issue.

All relief not expressly granted herein is denied.

This Order disposes of all parties and claims and is a final and appealable judgment.

Signed this ___8th___ day of July 2016.

                                            _____
                                            JUDGE PRESIDING
                                            KARIN CRUMP

FINAL JUDGMENT

Tab B

# RECORD OF MEDIATION AGREEMENT

On the 18th day of June, 2015 with Bert Pluymen serving as mediator, the following case was mediated:

Re:    Cause No. D-1-GN-13-003405; *KHDA et al. v. Daneshjou, et al.*; In the 53rd Judicial District Court of Travis County, Texas

THE PARTIES HAVE VOLUNTARILY AGREED TO THE FOLLOWING:

This case was mediated in person with the mediator on March 25, 2015 and fully and finally resolved in person between the parties on June 18, 2015 outside the presence of the mediator at the scheduled deposition of the parties on June 18, 2015. That Mediated Settlement Agreement is attached hereto as Exhibit A.

Although the mediator has assisted in drafting a basic outline of this Settlement Agreement with the parties' counsel as a courtesy to facilitate the final resolution of this dispute, the parties and their counsel have thoroughly reviewed such outline and have, where necessary, modified it to conform to the requirements of their agreement. All the parties and/or signatories to this Settlement Agreement hereby release the Mediator from any and all responsibility arising from the drafting of this Settlement Agreement, and by signing this Settlement Agreement acknowledge that they, or their attorneys, have been advised by the mediator that this Settlement Agreement should be independently reviewed by counsel before executing the Agreement.

The parties acknowledge that they have not been coerced by anyone into entering this agreement, but do so of their own free will and independent judgment. They also acknowledge that this is an irrevocable settlement agreement, that they have read it, understand it, agree to the terms stated, and believe that it is in their best interest. If necessary, this agreement may be enforced as a Rule 11 Agreement and as a contractual settlement agreement. Each party acknowledges that the mediator has not given them any legal or settlement advice and that they have conferred with their own independent legal counsel regarding the advisability of entering into this binding agreement before signing it.

Signed and agreed to this the 18th day of June, 2015.

approved



EXHIBIT

A

1

14

## MEDIATED SETTLEMENT AGREEMENT

RE:     CAUSE #D-1-GN-13-003405
        KHDA V. DANESHJOU et al.

The Parties by their signatures have agreed to the following mediated settlement agreement:

1.  Trey L. Dolezal and KHDA ("Plaintiffs") and DCI and Sally and Benny Daneshjou ("Defendants") agree to mutually release each other from any and all claims asserted or that could be asserted in the above captioned case and agree to dismiss the above captioned case with prejudice.

2.  The parties agree to keep this resolution confidential.

3.  The parties agree to a mutual non-disparagement clause in the settlement agreement.

4.  In exchange, Defendants agree to pay to Plaintiffs $2500.00 on the day of execution of this agreement and to pay Plaintiffs an additional $32,500.00 on or before March 1, 2016. If Defendants fail to pay the $32,500.00 on or before March 1, 2016 then they will pay that amount plus an additional $5,000 on or before June 1, 2016.

5.  Defendants agree that if the property located at 4301 Bee Caves Road, Austin, Texas is sold to a third party and funded, Plaintiffs will be paid any and all amounts still owing under this agreement from the proceeds of that sale. Such payment will be made at the time of closing and Defendants agree to instruct the title company to pay such amounts due at the time of closing. Plaintiffs agree that they have no interest directly or indirectly in the subject property.

6.  If Defendants fail to make the payments as set forth above on or before June 1, 2016, Defendants agree that Plaintiffs can refile their claims, notwithstanding the prior dismissal and the applicable statutes of limitations, for all claims and/or counterclaims will be tolled by this agreement from the date of the original filing of the above captioned case to 60 days after such failure to pay under this agreement, or alternatively Plaintiffs may elect to enforce this agreement and collect reasonable attorney's fees and interest of 10% from the date of the breach to the date of payment.

7.  The parties agree to cooperate in completing all documents necessary to finalize this agreement.

8.  Each party will pay their own mediation and litigation costs, including but not limited to attorneys' fees.

2